CLARK *v.* CLARK.

MASTER AND SERVANT—WORKMEN'S COMPENSATION—COURSE OF
EMPLOYMENT—PERSONAL INJURIES.

> Claimant, a carpenter foreman, in the employ of his
> brother, participated in an altercation with certain team-
> sters who attempted to deliver some brick on the premises;
> the brother, who owned the property where the brick was
> unloaded, having directed claimant to prevent the deliv-
> ery of brick there. Next day the trespasser returned with
> reinforcements and began another quarrel with the owner
> who prevailed over his opponent, but claimant was in-
> jured by a missile thrown by the attacking party while
> he was endeavoring to prevent interference on the part
> of the others with the controversy going on between the
> brother and his assailant. He volunteered the service he
> was trying to render. *Held*, that the injury was not re-
> ceived in the course of his employment so as to entitle
> claimant to compensation under Act No. 10, Extra Session
> 1912.

Certiorari to the Industrial Accident Board. Sub-
mitted October 27, 1915. (Docket No. 173.) Decided
December 22, 1915.

Willis M. Clark presented his claim for compensa-
tion for injuries received in the employ of David S.
Clark. From an award rendered said respondent and
the Union Casualty Insurance Company bring certio-
rari. Reversed.

*Walters & Hicks*, for appellants.

*Frederick J. Ward*, for appellee.

BIRD, J. Claimant was a carpenter foreman in the
employ of his brother, David Clark, who was erecting
a dwelling on Churchill avenue, in the city of Detroit.
David also owned the adjoining lot upon which he in-

tended to erect a dwelling, and had let the contract to excavate for the cellar. Claimant received instructions from him to permit no building materials for other dwellings being erected in the vicinity, to be deposited on the adjoining lot. On March 23d two men with a wagon load of bricks drove onto the adjoining lot and began unloading them. Claimant advised them that the bricks were not for his employer, and warned them to desist. They refused to obey the instructions, and then a fight ensued, in which claimant got the better of it. The following day the teamster returned with a reserve force, with the evident purpose of "getting even." Some intemperate language passed between them and claimant, who was at work on the rear porch. David overheard the talk in the basement, and came out and ordered them away. They refused to go, and he engaged in a fight with them. Claimant, thinking that his brother David needed help, went to his aid and kept back some of the reserve force, but did not himself engage in the fight. While so engaged, one of the assailants threw an iron missile and struck claimant in the eye, thereby permanently destroying the sight. Compensation was demanded by him under Act No. 10, Extra Session 1912. The insurance company refused to respond, and he thereupon made an application to the Industrial Accident Board. The claim took the usual course before the board, and resulted in allowance being made of $10 per week for 100 weeks. Respondents have brought the proceedings here for review, with the claim that the award should be set aside on the ground that the injury did not arise out of and in the course of claimant's employment within the meaning of said act.

The theory upon which claimant seeks to bring his claim under the statute, is that he received the injury while protecting his master's property against trespassers. Testifying as to his duties claimant said:

"I was in fact over all of the excavating, and from then on up until the work was finished, representing my brother when he wasn't there and when he was there."

Conceding claimant's authority and duty as are stated, he fails to make a satisfactory connection between them and his acts at the time he received the injury. Had he received the injury on the previous day while he was endeavoring to protect his master's property against trespassers, the connection would be obvious. That incident happened the previous day, and appeared to be a closed incident except for the ill feeling which it engendered. The following day the same parties reappeared, not for a like purpose as on the previous day, but evidently for the purpose of getting revenge, although they claimed to be in search of a lost work ticket. They assailed claimant with words only, but their attitude toward him was threatening. David overheard it and came out of the basement and took charge of the controversy himself. After he had engaged in the fight and appeared to be succeeding, claimant, who had been an observer, came unsolicited to his brother's aid by keeping off the reserve force, and while doing so was hit with a flying missile and injured. It may have been commendable in him to volunteer to assist his brother against such great odds, but that does not satisfactorily answer the question what connection his acts had with his employment. He was not called upon to protect his master's property, as on the previous day. He was not asked to assist his master in the fight on the second day. His action was purely a voluntary one, and it seems to us no different than as though he had discovered the same men fighting with his brother a week afterward ten blocks away, or as though claimant had observed a fight going on across the street and had gone there to get a better view, and while there had been hit by a

flying missile and injured. Had claimant remained at his work he would not have been injured. His presence at the place of fighting was in pursuance of no demand of his employment. Neither was it in aid of any material interest of his master. His presence there and the assistance which he rendered was solely in the interest of his master's personal safety. An injury received under such circumstances cannot be said, under a fair construction of the act, to have arisen out of and in the course of his employment. See *Collins* v. *Collins*, 2 Ir. R. (1907) 104; *Mitchinson* v. *Day Bros.*, 6 B. W. C. C. 190.

But claimant says he was in charge of his brother's work while he was away, and also while he was present. If his brother David were present and did not assume to act, claimant probably had the authority to act, but when the master was present, and took personal charge of the matter himself, it necessarily excludes the idea of claimant's having charge of it.

The finding of the Industrial Accident Board must be reversed, and the award set aside.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.