In the Matter of the Claim of VIOLA B. CALKA, Appellant, against MAMARONECK LODGE BPOE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board disallowing a claim by a widow and minor child for death benefits. The deceased was employed as a steward by the Mamaroneck Lodge of Elks. On the day of the accident, at about 4:00 P.M., he drove to White Plains, some six miles distant, and met an officer of the lodge who intended to aid the decedent in purchasing meat for use at the lodge. The butcher shop which they desired to patronize was closed when they reached it, so they proceeded to a tavern where, after having some refreshments, the lodge officer separated from the decedent. The decedent drank three or four bottles of beer before leaving the tavern about 5:45 P.M. It does not appear where he went immediately thereafter but at 8:20 P.M. a witness saw the decedent driving his automobile very fast on a two-lane divided highway between White Plains and Mamaroneck. No other vehicle was in sight. The witness heard a screeching of brakes and saw the decedent's vehicle strike an island and then crash into a tree. The impact killed the decedent. An examination of his blood disclosed an alcoholic content of .29%. (Vehicle and Traffic Law, § 70, subd. 5, declares that evidence of the presence of the .15% of alcohol in the blood is *prima facie* proof of intoxication.) A pathologist expressed an opinion that the decedent was intoxicated at the time of his death. The board found that the accident was due solely to the decedent's intoxication and, pursuant to the dictate of section 10 of the Workmen's Compensation Law, disallowed the claim. The proof of intoxication considered with the manner in which the accident happened constitutes the substantial evidence required to overcome the presumption found in section 21 of the Workmen's Compensation Law that the accident did not result solely from the intoxication of the employee. *Matter of Shannon v. American Can Co.* (278 App. Div. 546) is distinguishable upon the facts. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.