In the Matter of the Claim of ADELAIDE BOWERS, Appellant, against LONG ISLAND LIGHTING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which denied death benefits on the ground that decedent's death was due solely to his intoxication, and that the presumption under sub-

division 4 of section 21 of the Workmen's Compensation Law, had been overcome by substantial evidence. Decedent was engaged in some work on an appliance in a customer's home. There is ample evidence that he was drinking while on the job; that he was abusive, staggered, fell to the pavement outside the home, and generally appeared to be very much intoxicated. Despite protests from fellow employees and others, decedent got in a truck and drove down the street. Four or five blocks from the starting point he hit a parked vehicle and was killed. No one witnessed the accident itself. An analysis of decedent's brain on autopsy showed him to have been intoxicated at the time of his death. Appellant does not question the intoxication, but contends that the presumption under subdivision 4 of section 21 of the Workmen's Compensation Law has not been overcome by substantial evidence. Subdivision 4 of section 21 provides that it shall be presumed, in the absence of substantial evidence to the contrary "That the injury did not result solely from the intoxication of the injured employee while on duty." Here there was no evidence of any intervening cause, and "The evidence points unerringly to the fact of intoxication and to intoxication as the sole cause of the accident." (*Matter of Shearer* v. *Niagara Falls Power Co.*, 245 N. Y. 199, 200.) It was well within the province of the board to determine that the presumption had been overcome, and its determination is supported by substantial evidence. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.