■    In the Matter of the Claim of ROSE M. TECCE, Respondent, v. McKESSON & ROBBINS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* An employer and carrier appeal from decisions of the Workmen's Compensation Board culminating in an award of death benefits to a widow and daughter of a deceased employee. Deceased was employed as a liquor salesman by appellant, McKesson & Robbins, Inc. At about 6:00 P.M. on May 23, 1961 he stopped at the Bloomington Inn in Rosendale, Ulster County, of which one Machione was the proprietor, to solicit an order for merchandise sold by his employer. Machione was then busy and told deceased to return at another time. The evidence next places deceased in the Alpine Restaurant located in the nearby Village of Whiteport which he reached at about 8:00 P.M., where he was served two highballs and whence he departed some three hours later in the company of a friend, one Canning. In separate vehicles each drove to Machione's Inn. Shortly after their arrival at about 11:30 P.M. deceased received the order which had prompted his original call. Several patrons were then seated at the inn's bar, including one Schneider and his wife, and an unidentified man and woman. Deceased proceeded to dance with the woman to the musical compositions of a jukebox. At its conclusion his partner, in the presence of her escort, accused deceased of the commission of an offensive gesture during its performance. Deceased attributed her complaint to a misunderstanding and tendered an apology, the acceptance of which closed the incident. Thereafter deceased and Schneider engaged in an altercation resulting in serious damage to the former's front tooth. Machione and other patrons intervened to stop it. Soon thereafter deceased left the tavern and Schneider followed shortly. A resumption of the altercation in the inn's parking lot resulted in the death of deceased from a blow delivered by Schneider. The genesis of the fracas in the bar was described by Schneider as follows: "He [Tecce] got up and put his arms around my wife from behind and started kissing her on the neck." Canning testified that in the instant before the altercation began he heard Schneider say: "He is kissing my wife." The above-related facts are not controverted in the slightest degree. Nor is there any refutation in the record of the quoted testimony. In reversing the Referee a majority of the board found that decedent was in the course of employment when the fatal accident occurred. It then remained to determine, its decision states, "whether or not the accident arose out of the employment or was due to some personal act which would remove decedent from the employment." Clearly evident it was, further said the board, "that the second altercation which resulted in the fatal accident was an extension of the first which occurred some moments before in Bloomington Inn." It then proceeded to reject all of the testimony in the record bearing on the cause of the quarrel. That of Schneider and Machione and his wife was repudiated on the ground that it was self-serving. The testimony of other witnesses present in the inn was discarded on the basis that it was "guarded" and to some extent contradictory of their prior sworn statements and hence without probative value. Finding the record denuded by its own rejective action of any evidence as to the cause of the altercation, the board then applied the presumption contained in subdivision 1 of section 21 of the Workmen's Compensation Law, found that the accident arose out of employment and restored the case to the Referee's Calendar for an appropriate award.

That the death arose in the course of employment is conceded. Where an injury is sustained in the course of employment a presumption follows that it arose out of employment. (*Matter of Humphrey* v. *Tietjen & Steffin Milk Co.*, 235 App. Div. 470, affd. 261 N. Y. 549.) The presumption, however, is not a conclusive one and cannot survive substantial evidence to the contrary. (*Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82.) All of the evidence demonstrates that deceased met his death as the result of a personally incited quarrel having no relationship to his employment. No cause other than putting his hands on Mrs. Schneider and kissing her is even remotely suggested. Although the reasons assigned for rejecting the testimony of Schneider and the Machiones had long since been dissipated by favorable Grand Jury and administrative action, we cannot say that the board was bound to accept their testimony. But there was other evidence — uncontradicted, unimpeached, susceptible of no conflicting inferences as to the cause of the altercation and adduced from friends or acquaintances of the deceased. Clearly the presumption could not survive this unquestionably substantial evidence to the contrary. Its discard by the board must, in our judgment, be regarded as arbitrary since a fair reading of the record leads irresistibly to the conclusion that there is no substantial evidence supportive of the explanations advanced for its rejection. Decision reversed, and claim dismissed, without costs. Herlihy, Reynolds and Taylor, JJ., concur; Gibson, P. J. and Hamm, J. dissent and vote to affirm in the following memorandum: Unless we are to do violence to the long-recognized rule, it must, in our view, be held that the board was within the area of decision committed to it when it declined to credit the confused and divergent testimony — some favorable to claimant's case and some militating against it — adduced from various witnesses, with diverse interests and differing degrees of bias, as to what they saw and heard in a bar, after midnight, with a jukebox in operation and drinking, dancing and various conversations in progress. Consequently, we vote to affirm.