■ In the Matter of the Claim of BARBARA A. MAJUNE, for LINDA A. NOLAN, an Infant, Appellant, v. GOOD HUMOR CORP. et al., Respondents. WORK-MEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by claimant from a decision which disallowed a claim for death benefits on the ground that the fatal motor vehicle accident which occurred when the truck that decedent was operating collided head on, in the opposing traffic lane, with a vehicle approaching from the opposite direction, was caused solely by decedent's intoxication. (Workmen's Compensation Law, § 10.) The autopsy report stated that a blood specimen taken from decedent's body contained 0.30% alcohol by weight and that the stomach was distended with approximately 1,000 cc. of liquid with a strong odor of aldehyde; indicating, according to later testimony, the rapid ingestion of a large amount of alcohol and decedent's extreme intoxication. Appellant concedes, of course, that we may not interfere with a board decision, supported by substantial evidence, finding death to have been caused solely by intoxication; but contends that in the case before us the " conclusions " that the accident was " caused solely by intoxication " and " did not arise out of and in the course of the employment " did not constitute an adequate decision satisfying the requirement that the board shall include in its decision " a statement of the facts which formed the basis of its action ". (Workmen's Compensation Law, § 23.) The conclusory statements complained of were, however, preceded by these findings: " Decedent * * * was fatally injured * * * when his truck collided head on with a car in the opposite lane. The autopsy report showed .30 alcohol, the stomach was distended with approximately 1000 cc of liquid with a strong odor of aldehyde. There is medical evidence in the record that decedent was intoxicated at the time of the accident and the accident was caused by the alcoholic intake of the decedent." It would be impracticable and unreasonable to require that the board decision, in addition to finding intoxication the *sole* cause, expressly negate each of the almost innumerable hypotheses that might come to mind as possible contributory factors. In a case somewhat similar to this, a fatal accident occurred when decedent's automobile left the pavement, struck an island and then crashed into a tree; and we affirmed the board's disallowance of the claim upon its finding that the accident was due solely to decedent's intoxication; and in our memorandum decision we said: " The proof of intoxication considered with the manner in which the accident happened constitutes

the substantial evidence required to overcome the presumption found in section 21 of the Workmen's Compensation Law that the accident did not result solely from the intoxication of the employee." (*Matter of Calka* v. *Mamaroneck Lodge BPOE*, 285 App. Div. 1093, mot. for lv. to app. den. 308 N. Y. 1053.) Decision affirmed, without costs. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.