■ In the Matter of JOAN McGINN, Appellant, v. JACK CHAMBERS, INC., Doing Business as CHANNEL VII RESTAURANT, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 19, 1973, which disallowed a claim for death benefits. Decedent, claimant's husband, was the manager of the employer's restaurant located on West 54th Street in New York City. He was provided with living quarters above the restaurant by the employer, and although his family home was on Long Island, he maintained an apartment on West 55th Street. At about 7:30 P.M. on February 18, 1970 (decedent was usually relieved by the night manager at 7:00 P.M., who was on duty that night) three men, including one Frank Koehler and one Glennon, and a woman entered the restaurant. Decedent joined them, occasionally leaving to assist other employees. A discussion ensued, which at times became heated, apparently concerning Koehler's sexual involvement with the wife of one of the other men. At some point, a gun was taken from Koehler and given to decedent, and shortly thereafter, Koehler and decedent walked out of the restaurant and had a fight outside the front door. The scuffle was brief, and when it was over, decedent offered to buy Koehler a drink and forget the matter. Koehler

refused and left. Decedent went to his 55th Street apartment, apparently not intending to return to the restaurant that evening, but when next seen, he was wearing a robe. About an hour later, Koehler, Glennon, the woman who had been with them, and decedent's uncle who had been in the restaurant, went to decedent's apartment in an attempt to straighten out their dispute. The woman, and another female who was in decedent's apartment, went into another room. The argument continued, and shots were fired, resulting in the deaths of claimant's husband and Glennon. Koehler was never apprehended by the police. The majority of the board panel found "that the death, while conceivably occurring 'in the course of' employment was, based on probative evidence, the result of personal animosity between decedent and alleged slayer and said death did not 'arise out of' employment." Claimant contends that there was no substantial evidence to overcome the presumption created by section 21 of the Workmen's Compensation Law that an accident in the course of the employment arose out of the employment because all the evidence was uncorroborated hearsay. We disagree. In *Matter of Kelly* v. *New York City Tr. Auth.* (33 N Y 2d 373), the Court of Appeals interpreted section 118 of the Workmen's Compensation Law, which declares that the board is not bound by common law or statutory rules of evidence, to mean that the corroboration requirement set forth in that statute applies " only as to declarations of that deceased employee on whose account or through whom the claim for benefits is made" (p. 377). Here, the hearsay declarations upon which the board made its findings were statements of the woman who had been with Koehler's group, the decedent's uncle, and the two police officers who had investigated the case. The weight to be given this testimony was exclusively within the board's fact-finding province, and in accepting this testimony, the board had sufficient basis to find that the animosity between Koehler and decedent, who had known each other previously, grew out of a dispute concerning nonbusiness matters, and that the fact that the first harsh words might have been spoken in the restaurant was coincidental, wherefore the accident did not arise out of the employment. Thus, in our view, even if the board can be said to have found that the death in fact occurred in the course of employment, there is substantial evidence in the hearsay statements and the inferences reasonably drawn from the circumstances to support the conclusion that the presumption that the death arose out of the employment was overcome. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Green-blott, Main and Reynolds, JJ., concur.