(No. 47535.—

HAROLD SCHROETER, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Jerry Cairo, d/b/a Touhy-Lehigh Shell, Appellee.)

*Opinion filed January 26, 1976.*

Barclay, Damisch & Sinson, Ltd., of Chicago (Theodore W. Wrobleski, of counsel), for appellant.

Kane, Doy and Harrington, of Chicago (Robert E. Harrington, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Harold Schroeter, claimant, sought an award for workmen's compensation for injuries he received during an assault. The arbitrator found that the injuries did not arise out of and in the course of claimant's employment with Jerry Cairo, d/b/a Touhy-Lehigh Shell (hereinafter employer). The Industrial Commission sustained the arbitrator's determination, and on writ of *certiorari* to the circuit court of Cook County the Commission's decision was affirmed. Claimant appeals directly to this court (Ill. Rev. Stat. 1973, ch. 110A, par. 302(a)), principally contending that the Commission's decision was contrary to the evidence as a matter of law.

The only witness to testify was claimant. He stated that on February 8, 1971, about 6 a.m., he drove to his employer's gasoline station located in a suburban area, in order to open it for business as he had normally done for several years prior thereto. Claimant was the manager and mechanic at the station, and he would work alone until approximately 8 a.m. when another individual would arrive to assist in the duties. He was dressed in his service station uniform which had his first name printed thereon. After claimant opened the door to the station by disengaging both door locks, two men approached from claimant's right side. It may be inferred from the record that the assailants had not attempted to disguise their appearances because claimant said he had never seen either one before this incident. One of the assailants had a gun.

Claimant raised his arms but was told "get your hands down." The assailants informed claimant that somebody wanted to talk to him at "Crane's," a nearby welding shop. Claimant was taken behind the station in the area of the welding shop after one of the assailants had closed the station door, thereby locking it. He was then struck over the head and rendered unconscious. He regained consciousness and managed to reach his car. At this time claimant noted that two customers were waiting for service. While the record is unclear, claimant evidently was able to enter a·nearby restaurant. He was subsequently taken to the hospital, where he was placed in intensive care for ten days. He remained in the hospital for an additional two weeks to recover from the severe beating he received, which included a fractured skull apparently inflicted with a wooden club. Claimant indicated that "probably ninety-five percent of my body was beaten."

On cross-examination claimant admitted that his wallet containing money and credit cards was returned to his wife at the hospital. No evidence was presented to indicate that any property was taken from the station, nor had the police been successful in apprehending the assailants.

Claimant bears the evidentiary burden of establishing that his injury arose out of and in the course of employment. (*Wise v. Industrial Com.* (1973), 54 Ill.2d 138, 142.) To meet this burden claimant contends that as a matter of law the Commission erred in its finding that his injuries did not arise out of and in the course of his employment. He maintains that he was the victim of an unexplained assault which was a risk enhanced by his duty of opening his employer's service station alone early in the morning. He asserts there is no evidence to support a conclusion that the assault occurred from personal motives.

A question of law is presented if there is no dispute pertaining to factual matters and no conflicting inferences

can be drawn therefrom. (*Wright v. Industrial Com.* (1975), 62 Ill.2d 65, 71; *Newgard v. Industrial Com.* (1974), 58 Ill.2d 164, 170, and cases therein cited.) "On review, this court will not reject or disregard permissible inferences drawn by the Commission for the reason that different or conflicting inferences might also reasonably be drawn from the same facts, nor will we substitute our judgment for that of the Commission on such matters unless its findings are contrary to the manifest weight of the evidence." (*Health & Hospitals Governing Commission of Cook County Hospital v. Industrial Com.* (1975), 62 Ill.2d 28, 32.) We find that the record does not present a situation where, as a matter of law, claimant has sustained his burden of showing his injuries arose out of and in the course of employment.

In the *Health & Hospitals* case the claimant was injured when the chair on which she was sitting was pulled from under her by a co-worker. We upheld the award entered by the Commission on her behalf noting that it could be inferred that the chair may have been negligently or accidentally moved. And we commented further that, even if the injury resulted from an assault for reasons not set forth in the record, this would not necessarily preclude an award. However, the latter observation should not be construed as permitting an award in every instance where the record fails to unambiguously demonstrate that the motive for the assault was based on personal reasons. It is the function of the Commission to determine the propriety of the award under such circumstances based on reasonable inferences that may be drawn from the record. *Cf. Belden Hotel Co. v. Industrial Com.* (1970), 44 Ill.2d 253, 255.

In the present case claimant was accosted by armed assailants as he opened the service station door. Neither assailant mentioned that their purpose was to perpetrate a robbery. Likewise, the record does not support any reasonable inference that the motive of the undisguised

assailants was robbery because there was no evidence that any property was removed from the station, nor were any of claimant's valuables taken despite his helpless condition. Moreover, the savage beating administered to claimant would not seem necessary to effectuate a robbery, since he was rendered unconscious by the first blow to his head.

It may be reasonably inferred that claimant was not the target of deranged individuals who randomly selected him for their victim. The assailants had the presence of mind to order claimant to lower his hands, thereby reducing the possibility of arousing the suspicion of any passerby viewing such confrontation and summoning the police. They further shut and locked the station door, therein lessening the chance of any potential customer searching the area for a station attendant; and this action further negates the possibility that the assailants intended to damage the employer's property. Finally, claimant was merely told that someone wanted to speak to him at a nearby location. This could indicate that the assailants sought to lure claimant to an isolated area behind the station near the welding shop area without a struggle where they would then carry on the vicious assault without being observed.

The totality of these circumstances alone might give rise to a legitimate inference that the attack upon claimant was instigated for personal reasons and was not in any way related to his employment. In this situation the function of the Commission was to decide whether claimant's injuries arose out of and in the course of his employment, and we cannot say that its determination was contrary to the manifest weight of the evidence. Consideration of this evidence is sufficient to sustain the Commission determination.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*