Merlyn MARSH, in his own right, and by Evonne Marsh, Individually, and as Guardian of Merlyn Marsh, Appellants,

v.

ALASKA WORKMEN'S COMPENSATION BOARD, Commercial Union Companies, and Lodge No. 1534, Loyal Order of Moose, Appellees.

No. 3643.

Supreme Court of Alaska.

Oct. 13, 1978.

Ernest Schlereth and Peter B. Walton, Peter Walton & Associates, Anchorage, and Donna C. Willard, Richmond, Willoughby & Willard, Anchorage, for appellants.

Timothy M. Stone, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellees.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

The issue presented by this appeal is whether injuries sustained by appellant arose out of and occurred in the course of his employment and are, therefore, compensable under Alaska Workmen's Compensation Act.[1]

On March 14, 1971, Appellant Merlyn Marsh was working as an assistant bartender at the Moose Lodge in Anchorage. Around midnight, Marsh, who was also a member of the Lodge, took a half-hour break to "get something to eat." He sat down at a table where a Mrs. Razo and some friends were sitting. Mr. Razo testified that he was playing pool at the time, but returned to find Marsh sitting with his wife and kissing her.[2] Mr. Razo exclaimed, "Hey! What the hell is going on here?", to which Marsh replied, "Why don't you go back to playing pool?" Mr. Razo responded by hitting Marsh, who fell to the floor unconscious. Marsh was only briefly unconscious, and was able to return home that evening. However, he suffered a blood clot in the brain which required surgery and has resulted in partial paralysis and a 15-day memory loss.

Marsh filed a notice of possible claim with the Workmen's Compensation Board. The Board determined that it did not have jurisdiction to hear the matter. We remanded the case to the Board for an adjudication of Marsh's claims. *Alaska Workmen's Compensation Board v. Marsh*, 550 P.2d 805 (Alaska 1976).

On February 3, 1977, the Board determined that "the applicant's employment . . . did not significantly contribute to Razo's assault upon the applicant" and that the "applicant took himself outside the employment conditions when he chose to pursue personal activities that resulted in the assault by Razo." The Board dismissed Marsh's claim. On August 15, 1977, the superior court affirmed the Board's decision, noting that it "is supported by substantial evidence." Marsh appeals.

Although an employee is normally covered by workmen's compensation if he is injured while on a break, numerous courts

1. AS 23.30.005–.270. AS 23.30.265(13) provides:

"injury" means accidental injury or death arising out of and in the course of employment, and an occupational disease or infection which arises naturally out of the employment or which naturally or unavoidably results from an accidental injury, and includes breakage or damage to eyeglasses, hearing aids, dentures, or any prosthetic devices which function as part of the body and further includes an injury caused by the wilful act of a third person directed against an employee because of his employment.

2. Marsh testified that he could not recall the events of the evening in question.

have held that when the employee's injury arises out of a wholly personal quarrel, the employee is not entitled to compensation.[3] Professor Larson summarizes the law:

> "When it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable . . . ." (footnotes omitted)

1A. Larson, *The Law of Workmen's Compensation*, § 11.21, at 3–207 (1978).

Marsh does not object to this statement of law, but contends that but for his employment as a bartender he would not have encountered Mrs. Razo on that evening. He argues that although socializing with Mrs. Razo was not directly within the course of his employment, his employer did derive some benefit from his conduct. This benefit would either be in improving relations with customers or that his recreational activities made him a better employee.[4] Therefore, he urges that just because the motivation for the assault was a personal grievance unconnected with his duties as bartender, his claim is still compensable.

■■ There is a presumption in favor of compensability under the workmen's compensation laws. AS 23.30.120(1). When a claimant shows that he has been injured at work, substantial evidence is needed to overcome the presumption of compensability. *Fireman's Fund American Insurance Cos. v. Gomes*, 544 P.2d 1013, 1014–15 (Alaska 1976). Appellant is correct in stating that labeling the employee's activity as "personal" may not render the ensuing injury per se noncompensable. However, the activity must still be "reasonably foreseeable and incidental" to the employment, and not just "but for" the employment, as appellant contends, to entitle the employee to claim compensation. *Anchorage Roofing Co. Inc. v. Gonzales*, 507 P.2d 501, 505 (Alaska 1973); *Lizama v. Workmen's Compensation Appeals Board*, 40 Cal.App.3d 363, 115 Cal.Rptr. 267, 271 (1974); *Ross v. Workmen's Compensation Appeals Board*, 21 Cal. App.3d 949, 99 Cal.Rptr. 79, 83 (1971); *see Northern Corp. v. Saari*, 409 P.2d 845 (Alaska 1966).

> "Under even the broadest rule, the but-for test, it must be emphasized that the test is not 'but for the bare existence of the employment,' but rather 'but for the conditions and obligations of the employment.' Surely it would be going too far to say that every assault arises out of employment if it can be proved that the acquaintance of the parties came about through the employment."

1A. Larson, *supra*, at 3–211.

The employer can overcome the presumption of compensability by introducing affirmative evidence that the assault was not work-related. *Fireman's Fund American Insurance Cos. v. Gomes, supra*, at 1016. Evidence was offered here to show that Marsh's injuries were directly attributable to his socializing with Mrs. Razo in a manner the Board found wholly unconnected to his employment. It is important to note that Marsh was a member of the Moose Lodge and, even without his employment as a bartender, had every right to be in the Lodge, socializing with Mrs. Razo. Additionally, even if Marsh's only right to be in the Lodge was pursuant to his employment, the Board found that his "presence at the place of fighting was in pursuance of no demand of his employment." [5]

In *Wood v. Aetna Casualty & Surety Co.*, 116 Ga.App. 284, 157 S.E.2d 60 (1967), the

3. *See, e. g., Dismuke v. Arkansas-Best Freight Systems, Inc.*, 346 F.2d 145 (6th Cir. 1965); *Devlin v. Ennis*, 292 P.2d 469 (Idaho 1956); *Schroeter v. Industrial Commission*, 62 Ill.2d 284, 342 N.E.2d 3 (1976); *Dufloth v. City of Monticello*, 241 N.W.2d 645 (Minn.1976); *Ellis v. Rose Oil Co.*, 190 So.2d 450 (Miss.1966); *Wood v. Aetna Cas. & Sur. Co.*, 116 Ga.App. 284, 157 S.E.2d 60 (1967).

4. *See Anderson v. Employer's Liability Assurance Corp.*, 498 P.2d 288 (Alaska 1972).

5. *Clark v. Clark*, 189 Mich. 652, 155 N.W. 507, 508 (1915).

decedent, an assistant manager at a grocery store, was having lunch with a female co-employee. Her husband saw them together. When the decedent returned to his place of work, the jealous husband shot and killed him. Workmen's compensation was denied. The court found that his death stemmed from a personal dispute with his assailant. His employment as a grocery store manager did not contribute to or cause the danger to his life.

In *Tecce v. McKesson & Robbins, Inc.*, 23 N.Y.2d 594, 256 N.Y.S.2d 413 (1965), *order affirmed*, 20 N.Y.2d 779, 284 N.Y.S.2d 85, 230 N.E.2d 729 (1967), a liquor salesman danced with a woman in a bar. Later, the woman's husband challenged the salesman in the parking lot. A fight ensued which left the salesman dead. The Workmen's Compensation Board allowed recovery, but the court overturned that decision noting that it was a personally incited quarrel with no relationship to the salesman's employment.[6]

Appellant relies upon *Ross v. Workmen's Compensation Appeals Board*, 21 Cal. App.3d 949, 99 Cal.Rptr. 79 (1971), wherein the court reached a different result. In the *Ross* case the claimant, a store clerk, was shot by the jealous husband of a customer. The husband had heard that his wife and the clerk were having an affair. While the employee admitted to talking with the wife and sitting in her car, he denied any hint of improper behavior. The Board denied compensation, finding that although he was injured while he was working, he was not injured because he was working. The court reversed the board's decision, finding that a personal assault unconnected with work does not necessarily render the injury non-compensable.

*Ross*, however, is distinguishable from the case at hand. In *Ross* the court held that the motivating factor for the assault was found, at least in part, in the ambient circumstances of the injured employee's employment. 99 Cal.Rptr. at 83. The claimant, as part of his employment duties, helped customers load their purchases into their automobiles. In addition, as a neighborhood store, the clerks were friendly with their customers and often spoke with them when not busy with other tasks. There was no evidence presented in *Ross*, as there was here, to indicate that the claimant was in any way acting in a "personal" capacity in being friendly with his assailant's wife. Therefore, the record before the court in *Ross* did not contain evidence sufficient to eliminate the possibility that the assault was work-related, and the claim was compensable. *See Fireman's Fund Insurance Cos. v. Gomes, supra*, at 1016.

In deciding whether Marsh's injuries resulted from work-connected activities, the Board was making a factual determination. Our review of factual determinations

"... is limited to a determination of whether the Board's findings are supported by substantial evidence in light of the record as a whole. Substantial evidence is 'such relavant [sic] evidence as a reasonable mind might accept as adequate to support a conclusion.'" (footnotes omitted)

*Anchorage Roofing Co., Inc. v. Gonzales*, 507 P.2d 501, 503 (Alaska 1973). Even though Marsh's injury was sustained while he was at work, there was compelling evidence presented to indicate that Marsh had taken himself outside the scope and duties of his employment in his encounter with Mrs. Razo and, that it was that conduct which motivated the assault on him. Therefore, we hold that there was substantial evidence to support the Board's determination that the assault on Marsh by Mr. Razo was not work-connected and did not entitle Marsh to compensation.

AFFIRMED.

---

6. *See also, McGinn v. Jack Chambers, Inc.*, 46 A.D.2d 701, 359 N.Y.S.2d 917 (1974).