In the Matter of the Claim of CATHERINE ROBINSON, Appellant, v LAWRENCE NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 7, 1979, which disallowed a claim for death benefits. Decedent, on the day in question, worked as a pot washer for the Lawrence Nursing Home. He was scheduled to work the 8:00 A.M. to 8:00 P.M. shift that day. At about 5:45 P.M. he was observed putting on his coat and walking out of the kitchen. In reply to his supervisor's request to wash his pots, he answered "I have all night to wash those pots". About 15 minutes later he was found lying face down in the area between the front door and the door going into the nursing home. The record further reveals that he died as the result of stab wounds inflicted by one Overstreet, not an employee of the nursing home, who subsequently pleaded guilty to manslaughter in the first degree. The board found: "On the basis of the credible evidence in the entire record, that the death of the decedent was occasioned by a personal act and had nothing to do with the work activities of the decedent. Even though the incident occurred on the employer's premises and in the course of the employment, the said incident did not arise out of the course of the

employment. The presumption under Section 21 has been overcome by the testimony produced by the carrier." A police detective who investigated the death read from his reports regarding a conversation with a woman who indicated that Overstreet's wife and decedent were "seeing" each other and that Overstreet was aware of the situation. Claimant contends that there was no substantial evidence to overcome the presumption created by section 21 of the Workers' Compensation Law that an accident in the course of the employment arose out of the employment because all the evidence was uncorroborated hearsay. We disagree. The weight to be given this testimony was exclusively within the fact-finding province of the board. Consequently, we conclude that substantial evidence for disallowance was found in the hearsay testimony and the inferences reasonably drawn from the circumstances *(Matter of McGinn v Jack Chambers, Inc.,* 46 AD2d 701). The presumption was overcome and the decision must be affirmed. Decision affirmed, without costs Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur