■ In the Matter of the Claim of Slatka Srp, Respondent, v Grow Kiewit-MK et al., Appellants. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 1, 1982. Claimant is the widow of Frank Srp who died on October 31, 1980, as a result of a 500-foot fall down a water shaft below 100th Street and Columbus Avenue in the City of New York. Decedent was in the company of four other workmen preparing to install grout pipes at a location in this shaft some 200 feet below street level. While the work party had been warned by their foreman to avoid a particular area of the platform upon which they were to work, for some unexplained reason, decedent did not heed this warning, and when last seen alive was falling backwards through an opening in the platform to his death at the bottom of the shaft. In order to fall through this opening, a cover over this area had to be removed. There is no indication in the record how this cover was removed. It is the contention of the employer and its insurance carrier that this accident is not compensable because decedent had violated specific instructions defining the ultimate work to be done, i.e., to avoid working in the area of the open hole. Thus, by performing a prohibited act, he had removed himself from the scope of his employment (*Matter of Merchant v Pinkerton's Inc.,* 50

NY2d 492). The board has determined that there is no credible evidence that decedent violated any specific instructions that he knew about immediately prior to the accident, that the record demonstrates a fatal unwitnessed accident, and that the presumption afforded claimant under section 21 of the Workers' Compensation Law applies. We agree. Although decedent was in the company of other workmen and was seen falling through an open hole, the accident, while technically partially witnessed, was totally unexplained, and thus, equivalent to an unwitnessed accident (*Matter of Fallon v National Gypsum Co.,* 53 AD2d 745, mot for lv to app den 40 NY2d 803). As such, the presumption applies and since there is no evidence to rebut this presumption, the decision must be affirmed (*Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.