■ In the Matter of the Claim of CHARLES McCABE, Respondent, v PECONIC AMBULANCE & SUPPLIES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 22, 1983, which ruled that claimant sustained an accidental injury in the course of his employment and awarded benefits. ¶ Claimant, an employee of Peconic Ambulance & Supplies, Inc., an ambulance service operating in Suffolk County, was assigned to a local area and was "on call" between the hours of 6:00 P.M. and 8:00 A.M. each working day. On October 30, 1980, claimant's brother, president of the corporate employer, added to claimant's duties as an ambulance driver the responsibilities of business manager of the corporation. In that capacity, on November 7, 1980, claimant assigned himself and Michelle McKay, a coemployee alleged to be his girlfriend, to the 6:00 P.M. to 8:00 A.M. shift. While on call during this shift, claimant left McKay's home at approximately 3:00 A.M. and drove toward his home, which was also considered an office of the employer corporation. At about 3:20 A.M., the ambulance claimant was driving left the highway and struck a tree. The

accident was unwitnessed and the investigating police officer found no evidence that claimant had consumed alcohol. Claimant's injuries rendered him comatose and he was unable to testify at the subsequent hearings. ¶ After a series of hearings, the referee awarded claimant benefits after finding "[t]hat claimant sustained severe and multiple injuries * * * in an accident which arose out of and in the course of employment, on November 8, 1980". The Board, after review, affirmed the referee's findings and award in a decision filed June 22, 1983. ¶ On this appeal, the carrier charges as reversible error (1) that the Board's finding of compensability is insufficient as a matter of law, (2) that the sole testimony of claimant's brother placing claimant in the course of employment was incredible as a matter of law, and (3) that the refusal to transfer the hearing to Riverhead, New York, for the purpose of taking the testimony of claimant's coemployee, was an abuse of discretion. We shall address these points seriatim. ¶ By operation of subdivision 1 of section 21 of the Workers' Compensation Law, unwitnessed accidents which occur within the time and place limits, or "course", of employment are presumed to arise out of the employment (see *Matter of Yarter v S. R. Beltrone, Inc.,* 89 AD2d 687). Since the unwitnessed accident took place during the working hours of 6:00 P.M. to 8:00 A.M. on November 7-8, 1980, in an assigned area, the section 21 presumption justified the Board's finding that the accident arose out of the employment, even though it cannot be established that claimant was responding to an emergency call (see *Matter of Opdyke v Automobile Club,* 92 AD2d 684). The carriers' theory that claimant was merely returning home after a "social visit" cannot rebut this strong presumption because it cannot exclude the possibility that claimant was answering an emergency call. The corporate employer's answering service in response to the Board's request for information, stated that while it had no record of calls transmitted on the night in question, any messages received would have been destroyed within three to four months after receipt thereof. Thus, the presumption that claimant was in the course of his employment stands unrebutted. ¶ Turning to the credibility of the testimony of claimant's brother, we note that the Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief (see *Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 8; *Matter of Hawthorne v Peartrees, Inc.,* 56 AD2d 961, affd on opn below 43 NY2d 683). Even where there is support for the argument that a party's testimony is incredible and not worthy of belief, "the board is entitled to cull from the record that which it finds believable and, in so doing * * * find substantial evidence to support the award" (*Matter of Konstantinakos v Plaza Hotel,* 93 AD2d 927, 928). ¶ Lastly, we conclude that the Board did not abuse its discretion in denying the carrier's request to transfer the hearing to the Board's Riverhead office for the purpose of taking the testimony of claimant's coemployee. During the proceedings at the Board's office at Hauppauge, the carrier had three opportunities to produce McKay and failed to do so despite the fact that she had been subpoenaed to appear. Section 119 of the Workers' Compensation Law, which authorizes the issuance of subpoenaes by an attorney representing a claimant or a party, also provides that a "subpoena issued under this section shall be regulated by civil practice law and rules". Accordingly, the Board cannot be faulted for refusing to transfer proceedings for the convenience of a witness who has failed three times to honor a subpoena on the speculative hope that she may appear. This is particularly so when, as here, the issuer of the subpoena has failed to take the appropriate steps under the CPLR to enforce the subpoena. ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.