In the Matter of the Claim of PEARL IACOVELLI, Respondent, v NEW YORK TIMES COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mikoll, J.

On June 3, 1983, claimant, a 54-year-old secretary employed in the news department of the New York Times Company (Times), went to the terrace located on the 12th floor of its New York City headquarters for lunch. On the day in question, as was her lunchtime custom, claimant ate lunch, did a crossword puzzle, drank a cup of coffee and then lit a cigarette. Within seconds thereafter, claimant's dress became a sheet of fire. As a result of the sudden fire, claimant suffered

severe first, second and third degree burns over 50% to 60% of her body and was prevented from returning to work until December 5, 1983.

On June 1, 1984, claimant stated in her testimony before a Workers' Compensation Law Judge: "I still don't know what happened" and "I don't know how I got burnt, I have no idea." Her first clear memory of the incident was of "being in the infirmary" and an ambulance. Her recollection of the fire was "very sketchy * * * like a dream".

Carol Ritter, a company nurse, called to the scene to aid claimant, testified that she noted in her medical report that claimant told her in the infirmary that a cigarette ash fell on her dress just before the fire started. The Times produced no witnesses other than Ritter, who did not witness the fire. The Hearing Officer found that the injury was compensable.

The Times argued before the Workers' Compensation Board that the accident did not arise out of and in the course of employment because a "personal act" (smoking a cigarette) allegedly caused the fire. The Board rejected their argument and ultimately found: "[B]ased on the entire record, particularly the claimant's testimony, that the claimant remained within the course of her employment during her lunch period because she was on the employment premises eating in an area designated by the employer for that purpose and, since she was engaged in a reasonable and expected activity (smoking a cigarette) when injured and since it is unknown why the fire occurred with such intensity, that the claimant's accidental injury also arose out of her employment."

The Times argues on this appeal that the record fails to support the Board's factual findings that the accident occurred in an area "designated by the employer for that [lunch] purpose" and that the cause of the intense fire was "unknown". The Times further argues that the record does not justify a necessary conclusion that the fire was caused by any risk incidental to claimant's employment. We conclude that the Board properly found that claimant's injuries arose out of and in the course of her employment. The determination of the Board should therefore be affirmed.

Pursuant to Workers' Compensation Law § 21 (1), unwitnessed or unexplained accidents "which occur within the time and place limits, or 'course', of employment are presumed to arise out of the employment" (Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679, 680; see, Matter of Srp v Grow Kiewit-MK, 92 AD2d 664). To rebut this presumption,

an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer (see, *Matter of Daly v Opportunities for Broome*, 39 NY2d 862, 863; *Matter of McCabe v Peconic Ambulance & Supplies, supra).*

This record contains sufficient facts from which the Board could reasonably infer that claimant was eating her lunch in a place provided by the employer for that purpose and that her smoking a cigarette, as was her daily custom, was an activity consistent with the purposes of the terrace. However, a question of credibility was presented by claimant's testimony at the hearing and Ritter's testimony that claimant told her that an ash fell on her dress prior to the start of the fire. The Board could, as it appears it did, reject as inaccurate the account given by Ritter.

Moreover, accepting the Times' argument that a cigarette ash had fallen on claimant's dress, the presumption still is applicable. The Board could reasonably reject the assumption that this particular fire and claimant's ensuing injuries are explained by the cigarette alone. It is difficult to conclude that the ash of a cigarette, which usually causes a small hole or burn mark, would cause a fire of such swiftness and intensity (see, *Matter of Daly v Opportunities for Broome, supra,* p 863; *Matter of McCabe v Peconic Ambulance & Supplies, supra).* What caused the swiftness and intensity of the fire was unexplained. The Times did not meet the heavy burden of rebuttal imposed by Workers' Compensation Law § 21 (1).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.