■ In the Matter of the Claim of HYATT DERELLO, Respondent, v WYNDHAM POUGHKEEPSIE HOTEL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [600 NYS2d 855] — Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed February 19, 1992, which, *inter alia,* ruled that claimant sustained an accidental injury in the course of his employment.

Claimant, a doorman and driver for Wyndham Poughkeepsie Hotel (hereinafter the employer), sustained serious injuries shortly after midnight on December 25, 1987 when he was involved in an accident after driving a coemployee, Gigi Battle, home in the employer's shuttle van. Although there is no question that claimant was engaged in a legitimate business errand when he drove Battle home, it is the position of the employer that claimant thereafter abandoned the errand, took a personal detour and engaged in activity which was more extensive and hazardous than his employment required *(see, Matter of Pasquel v Coverly,* 4 NY2d 28, 31). Concluding that the employer failed to effectively rebut the presumptions that claimant's injury arose out of his employment and did not arise solely from his intoxication *(see,* Workers' Compensation Law § 21 [1], [4]), the Workers' Compensation Board found that claimant's accident arose out of and in the course of his employment. The employer appeals.

We affirm. In support of its contention that claimant deviated from his "special errand", the employer relies primarily upon the testimony of Marlene Squires, a coemployee who opined that claimant was "high" on alcohol or drugs immediately before he left on his errand, and Edward Bush, an insurance adjuster who testified concerning his investigation of the occurrence and, particularly, the statements he took from Margaret Prosser and Kenneth Schermerhorn, eyewitnesses to the events leading up to claimant's accident. There is no question that this evidence, if credited by the Board, provided sufficient factual support for the employer's contention and the determination of the Workers' Compensation Law Judge (hereinafter WCLJ) that claimant's injuries did not arise out of and in the course of his employment. Nonetheless, Squires' testimony was directly contradicted by Battle, who stated that claimant "was in full control of his faculties and appeared to be sober and did not * * * act or appear any

different than he normally does", thereby creating a credibility issue for the Board's determination. Further, claimant's injuries prevented his recollection of the events and the Board was entitled to and apparently did reject Bush's hearsay testimony and written report concerning his interview with Prosser and Schermerhorn in view of the employer's repeated failure to comply with the WCLJ's direction that it produce these witnesses to testify (see, Matter of McIver v Mobil Oil Corp., 115 AD2d 879, 880; Matter of Robinson v Lawrence Nursing Home, 79 AD2d 784, 785, lv denied 53 NY2d 601). Thus, this was, in practical effect, an unwitnessed accident; considering the brief time that passed following claimant's delivery of Battle and the fact that, at the time of the accident, claimant was proceeding toward and was in close proximity to the hotel, the record contains sufficient facts to support the Board's determination that claimant did not deviate from his special errand (see, Matter of Iacovelli v New York Times Co., 124 AD2d 324, 326; Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679, 680). Finally, in the absence of competent proof of the cause of the accident, claimant's significantly elevated serum ethanol did not compel a finding that the accident was caused solely by his intoxication (see, Matter of Loucks v Joy Automatics, 54 AD2d 1037; Matter of Post v Tennessee Prods. & Chem. Corp., 19 AD2d 484, 486, affd 14 NY2d 796).

We conclude that the Board's factual determination that the statutory presumptions have not been overcome is supported by substantial evidence and should not be disturbed (see, Matter of Wiktorowicz v Kimberly-Clark Corp., 99 AD2d 903, 904, lv denied 62 NY2d 605). We have considered the employer's remaining contention and find it to lack merit.

Weiss, P. J., Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.