In the Matter of the Claim of KAREN PURCELL, Appellant, v AMERICAN SIP CORPORATION et al., Respondents. Workers' Compensation Board, Respondent. [670 NYS2d 222] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 21, 1997, which ruled that claimant's decedent sustained an accident solely due to intoxication and denied claimant's claim for workers' compensation benefits.

Decedent, a salesman, was killed in a collision with a truck

as he was returning to his hotel from a sales meeting. According to police reports, decedent's vehicle and the truck were traveling northbound on an interstate highway in Ohio late at night. Prior to the collision, police officials received a CB radio report which described decedent's vehicle as proceeding in an erratic manner. The driver of the truck reported that he saw decedent's vehicle approximately three quarters of a mile ahead of him with its brakes continually applied and right turn signal on. After approximately one mile, decedent's vehicle pulled off onto the right side of the road and then abruptly turned left across the two northbound lanes into the path of the truck which struck decedent's vehicle broadside. A blood specimen taken from decedent's body revealed a blood alcohol level of 0.23%. In addition, two bottles of alcohol were found in decedent's vehicle.

Claimant, decedent's widow, applied for workers' compensation death benefits. Following a hearing, the Workers' Compensation Board denied the claim upon the ground that "the accident was due solely to the decedent's intoxication" (see, Workers' Compensation Law § 10 [1]). Claimant appeals.

We find that this record contains substantial evidence supporting the Board's decision. The documentary and testimonial evidence presented by the employer as to decedent's intoxication, the circumstances preceding the accident and the manner in which it occurred sufficiently rebutted the presumption contained in Workers' Compensation Law § 21 (4) and established that decedent's intoxication was the sole cause of the accident (see, Matter of Majune v Good Humor Corp., 26 AD2d 849, 849-850; Matter of Bowers v Long Is. Light. Co., 1 AD2d 719, 720; Matter of Calka v Mamaroneck Lodge BPOE, 285 App Div 1093; see also, Matter of Balk v Austin Ford Logan, 221 AD2d 795). While some of the evidence presented was hearsay in nature, this merely went to the weight to be accorded it by the Board (see, Matter of Robinson v Lawrence Nursing Home, 79 AD2d 784, 785, lv denied 53 NY2d 601). Furthermore, although claimant's accident reconstruction expert opined that the truck driver could have taken steps to avoid the accident and the employer's expert gave a contrary opinion, this conflict in the testimony simply presented an issue of credibility for the Board to resolve (see, Matter of Derello v Wyndham Poughkeepsie Hotel, 195 AD2d 901, 901-902). Accordingly, we find no reason to disturb the Board's decision.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.