■ In the Matter of the Claim of WILLIE DAWSON, Appellant, v S.P.F. CARTING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [686 NYS2d 881] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 14, 1997, which ruled that claimant's injury was not causally related to his employment and denied his claim for workers' compensation benefits.

In December 1994, claimant injured his back in a motor vehicle accident that occurred while he was engaged in his employment as the driver of a sanitation truck. He had been traveling at a high rate of speed when he failed to negotiate a left turn and the truck tipped over. A breathalyzer test subsequently conducted by police officers disclosed that claimant had a blood alcohol content of 0.298%. He was ultimately convicted in Suffolk County Court on his plea of guilty of the crimes of operating a motor vehicle while under the influence of alcohol as a felony and aggravated unlicenced operation of a motor vehicle in the third degree.

Claimant's application for workers' compensation benefits was denied by the Workers' Compensation Board on the ground that his intoxication had been the sole cause of the accident that resulted in his injuries (*see*, Workers' Compensation Law § 21 [4]). Claimant appeals, contending that there was insufficient evidence to support the Board's conclusion that his intoxication was the sole causative factor resulting in his injuries. Claimant correctly notes that Workers' Compensation Law § 21 (4) provides for a presumption, "in the absence of substantial evidence to the contrary * * * [t]hat [claimant's] injury did not result solely from the intoxication of the injured employee while on duty". We find, however, that the record in this matter contains the substantial evidence needed to rebut the statutory presumption.

Among the evidence included in the record is the transcript of the proceedings before County Court wherein claimant conceded that he had been drinking "wine and liquor" before reporting for work at 5:00 A.M. on the day of the accident. Also in the record is the testimony of the police officers who arrested claimant at the scene of the accident, stating that he was visibly intoxicated at that time. Consistent with this testimony was that of claimant's co-worker on the sanitation truck who testified that claimant had been driving so erratically prior to the accident that he had attempted to take the truck's ignition key away from him. This testimony, together with the results of the breathalyzer test and the record of claimant's criminal conviction arising out of the accident in question, constitute substantial evidence that claimant's intoxication was the sole cause of his injuries, thereby precluding his receipt of benefits (*see*, *Matter of Purcell v American SIP Corp.*, 248 AD2d 844; *Matter of Balk v Austin Ford Logan*, 221 AD2d 795).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.