■ In the Matter of the Claim of JOSEPH KULPA, Respondent, against ALCO PRODUCTS, INC., Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award covering various periods between December 14, 1945 and March 19, 1953, based upon reduced earnings due to

partial disability causally related to an industrial accident of May 31, 1945. Appellant contends: (1) that the claim is barred by section 123 of the Workmen's Compensation Law; (2) that if there be any liability it should have been charged to the Fund for Reopened Cases under section 25-a, and (3) that there was insufficient evidence of causally related disability during the periods involved. Claimant was injured on May 31, 1945; he filed a claim for compensation on October 7, 1947; seven hearings were scheduled and after the initial hearing claimant did not appear, and on July 1, 1948 the case was closed for failure to prosecute. On April 21, 1953, approximately eight years after the accident, claimant filed an application to reopen. Because more than seven years had elapsed from the date of the accident the board was clearly without authority to reopen the claim under the provisions of section 123 of the Workmen's Compensation Law unless a period of infancy saves claimant's claim. (*Matter of Kaplan* v. *Wirth & Birnbaum,* 301 N. Y. 121.) However, claimant was approximately 19½ years of age at the time of the accident, and did not attain majority until November 22, 1946, with the result that his claim was filed approximately 6½ years after he attained majority. Section 115 of the Workmen's Compensation Law provides: " No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian." Appellant forcibly argues that section 115 was not intended to and should not apply to a situation where a claimant files a claim after he has obtained majority and by his own failure to appear after due notice permits the case to be closed without an award. While the argument may be persuasive that such should be the case, the fact remains that the statute makes no such exception, is broad and clear in its terms that " No limitation of time provided in this chapter shall run " during infancy. The board properly held that the running of the statute was tolled until claimant attained majority, and since seven years had not elapsed thereafter, the claim was properly reopened. Appellant further urges that the benefits of section 115 do not inure to the benefit of the Special Fund, and that since more than seven years had elapsed since the date of injury and more than three years had elapsed since the date of the last payment of compensation (no compensation was paid here), the liability should be transferred to the Special Fund. While ordinarily this would be true and only the claimant may benefit by the tolling of the time limitation because of minority, there is an exception when the claimant will be prejudiced by the transfer of liability. Here such a prejudice clearly exists. Pursuant to subdivision 1 of section 25-a the Special Fund shall not be liable for compensation retroactively for longer than two years. The award here covers a much longer period, and claimant would lose compensation amounting to $2,362.77 if liability were transferred to the Special Fund. Under such circumstances the board properly held that the tolling of the time limitation should be applied in determining the liability of the Special Fund. (*Matter of Pytel* v. *Carborundum Co.,* 273 App. Div. 832, motion for leave to appeal denied 297 N. Y. 1040.) Cases which hold otherwise where there is no prejudice to the claimant and the claimant does not benefit by the tolling are not controlling. *Matter of Longo* v. *M & F Auto Wreckers* (4 A D 2d 902), relied upon by appellant, expressly recognizes the exception to the general rule. There is substantial evidence to support the board's finding of causal relation. Concededly claimant had a congenital defect in his back. However, on the day of the accident, as he bent over to lift a heavy piece of metal, he felt an " awful crack " in his back which caused him to fall. He was doubled up on the floor and had to be carried to the employer's dispensary. There is medical evidence that this incident imposed upon a weak back contributed to his disability and increased his pain. The board found

that 50% of his back disability was due to the accident. The record sustains such a finding. Award unanimously affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and the Special Fund, with printing disbursements to each. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.