■ In the Matter of the Claim of ADA B. KELLY, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed June 9, 1969 and May 1, 1970, which disallowed a claim for death benefits. In the early hours of April 15, 1968 Samuel Kelly, a motorman for the New York City Transit Authority, completed a trip and went into the crew room at the 95th Street Subway Station to rest before his next train. There were about 12 to 15 other employees who had similarly come to the crew room to relax and Kelly went to a bench at one side of the room, stretched out, and napped. About 4:35 A.M. another motorman, Henry Hathaway, entered the room, walked over to Kelly and stabbed him several times. Kelly staggered to his feet and tried to run away but Hathaway stabbed him in the back, forced him to the ground where he stabbed him again and then rose and stomped on him with his feet. Finally, he bludgeoned Kelly's body about the head and shoulders with a metal brake handle. Not a word was spoken by the two men. Hathaway left the body on the floor, went to the telephone, dialed a number and told whoever answered his call that he had just killed a motorman. It is clear that the killing occurred during the course of Kelly's employment but whether it arose out of his employment is in doubt. There is a statutory presumption that it did (Workmen's Compensation Law, § 21), and before an award may be denied, that presumption must be rebutted by substantial evidence. (*Matter of Valenti* v. *Valenti*, 28 A D 2d 572.) The board denied the claim. It relied on a confession by Hathaway admissible under section 118 of the Workmen's Compensation Law. Hathaway told the police that he killed Kelly because he and Kelly were once Black Muslims, that he (Hathaway) had become disillusioned and had quit, that Kelly and the Black Muslims had been blackmailing him and harassing him to get him to rejoin the group. Hathaway was arrested and charged with murder, but at the time of the hearing, he was confined to Matteawan State Hospital for the Criminally Insane and we are told that he is now dead. Because hearsay testimony of personal animosity between the victim and the assailant, standing alone, is not sufficient to rebut the statutory presumption, the board must find corroborative " ' circumstances and other evidence' ". (*Matter of Guggenheim* v. *Hedke & Co.*, 32 A D 2d 1017, affd. 27 N Y 2d 596; *Matter of Barth* v. *Cassar*, 38 A D 2d 984.)

There must be other evidence that the assault arose from personal, nonwork related factors to deny the claim. (*Matter of Korchinski* v. *S. S. S. Bar & Grill*, 35 A D 2d 862; *Matter of Pecoraro* v. *Russell-Miller Milling Co.*, 9 A D 2d 992.) The only evidence in the record to corroborate the detectives' recital of Hathaway's statement, and other similar hearsay evidence, was an independent record that Hathaway was a member of the Black Muslims. There was no information concerning Kelly. That is not enough to rebut the presumption. Decision reversed, with costs to appellant against respondent self-insured employer, and matter remitted to the Workman's Compensation Board for proceedings not inconsistent herewith. Herlihy, P. J., Greenblott and Simons, JJ., concur. Kane and Reynolds, JJ., dissent and vote to affirm in the following memorandum by Reynolds, J. The majority has reversed the board's determination disallowing death benefits on the ground that the assault which caused the decedent's death did not arise out of employment because the only evidence that rebuts the statutory presumption of section 21 of the Workmen's Compensation Law is uncorroborated hearsay in the form of a confession by Hathaway to the police that he attacked the decedent for purely personal motives unconnected in any way with employment. Assuming, *arguendo*, that hearsay evidence cannot, standing alone, constitute substantial evidence to rebut the statutory presumption, the instant statement by Hathaway falls into a familiar exception to the hearsay rule as a declaration against interest and thus as such clearly constituted substantial evidence to support the board's determination (*People* v. *Brown*, 26 N Y 2d 88, 94). As a declaration against interest no corroboration is necessary, and *Matter of Barth* v. *Cassar* (38 A D 2d 984) and the other cases relied on by the majority would not change this result. Accordingly, we are unable to find that the board's determination is not supported by substantial evidence (see *Matter of Fox* v. *United Brotherhood of Carpenters & Joiners of Amer., Local No. 606*, 33 A D 2d 605, mot. for lv. to app. den. 25 N Y 2d 744) and vote to affirm.