Jones, J.
The Appellate Division properly held that there was here insufficient evidence to overcome the presumption that the killing of claimant’s decedent during the course of his employment arose out of that employment (Workmen’s Compensation Law, § 21), and correctly reversed the decision of the Workmen’s Compensation Board disallowing the claim for death benefits. We reach this conclusion, however, for reasons other than those on which the majority in the Appellate Division appears to have relied.
In the early morning hours of April 15, 1968, Samuel Kelly, the decedent, on completion of a trip as motorman for the New York City Transit Authority, went to the crew room at the 95th Street Subway Station to rest until his next assignment.. While he was stretched out on a bench napping, Henry Hathaway, another motorman, entered the room, walked over to Kelly and without a word stabbed him several times, stomped on him and finally bludgeoned him about the head and shoulders with a metal brake handle. Hathaway then left the body on the floor, went to a nearby telephone, made a call and was overheard to tell whoever answered his call that he had just killed a motorman.
Hathaway was immediately taken into custody and for at least two hours thereafter was interrogated by police officers. During the course of this interrogation, Hathaway stated that Kelly, who was a member of the Black Muslims, had harassed, annoyed and terrorized him and had been blackmailing him. Hathaway had been a member of the Black Muslims but had apparently quit, thereafter paying $50 a month when he was terrorized to rejoin. The testimony of the police officers as to these admissions of Hathaway was at first excluded by the referee when Hathaway was described as having been rambling and incoherent and his admissions were characterized as irrational, and it further appeared that after his arrest he had been committed to Matteawan State Hospital for psychiatric treat *376 ment and remained there at the date of the compensation hearing. At a later hearing the testimony of one of the police officers as to Hathaway’s admissions was received. The referee, however, concluded that such testimony did not constitute substantial evidence to rebut the statutory presumptions in favor of the claimant and directed payment of death benefits.
We agree that under the circumstances shown on this record the testimony of the police officer as to statements made by Hathaway during the course of his interrogation did not constitute substantial evidence to support any conclusion that Kelly’s death occurred in consequence of personal animosity outside the scope of his employment. Accordingly we affirm.
We do not agree, however, with the conclusion which appears to have been drawn by the Appellate Division, that testimony as to Hathaway’s statements was insubstantial as a matter of law because of lack of corroboration required under section 118 of the Workmen’s Compensation Law.
At the outset we note that section 118 applies to declarations of deceased employees and there is no proof that Hathaway was deceased; in fact the inferences are to the contrary.
Even if Hathaway were dead we do not think the section would have required corroboration of his declarations. Section 118 provides as follows: “ The chairman or board in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties. Declarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury.”
We read section 118 as accomplishing two purposes. The first sentence, relating to the admissibility of evidence, relieves the board and its agents from the strictures of common-law and statutory rules of evidence. The second sentence, referring to the quantum rather than to the admissibility of evidence, requires corroboration “ by circumstances or other evidence ” of declarations of a deceased employee concerning “ the ” accident. We interpret this sentence to require corroboration *377 only as to declarations of that deceased employee on whose account or through whom the claim for benefits is made. (Matter of Guggenheim v. Hedke & Co., 32 A D 2d 1017, affd. 27 N Y 2d 596.) As to admissibility, the first sentence removes what would otherwise be the categorical bar of the hearsay rule as to all testimony. To suggest that the second sentence should then be read as applying to declarations of any and all deceased employees of the employer against whom the claim is made appears to us to be illogical. We find nothing in the legislative history of this section calling for any such construction. The existence of self-interest of the particular employee on whose behalf a claim is asserted makes it reasonable to require corrobation as to his declarations. To say, however, that declarations of a third-party witness, not directly associated with the claim, may be accepted without corroboration if he is not an employee, while if he is an employee, corroboration will be required, makes no sense. The fact of employment or lack of it has no rational bearing, we suggest, one way or the other, on the weight to be given third-party testimony. At most this would be only one aspect, along with others, to be probed on cross-examination.
Accordingly our affirmance in this case is predicated on the inherent insubstantiality of the testimony in this record, rather ■ than on the absence of corroboration.
The Appellate Division properly reversed the decision of the Workmen’s Compensation Board disallowing the claim a- d, accordingly, the final determination of the board appealed fr m, made upon remission by the Appellate Division, shorn be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Babin and Stevens concur.
Determination affirmed.