■ In the Matter of PETER ONOFRI, Appellant, v. CITY OF SYRACUSE, DEPARTMENT OF PUBLIC WORKS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of a majority of the Workmen's Compensation Board, filed June 1, 1973, which affirmed a decision of the referee disallowing the claim on the ground that an altercation did not arise out of the

employment but was purely personal. During a temporary lull in claimant's work as a flagman for the respondent employer, the claimant became involved in a physical altercation with two coemployees, as a result of which claimant sustained a broken ankle. There is no dispute that the incident occurred in the course of employment, and the board so found. However, the board also found that the fight was personal in nature, and therefore claimant's accident did not arise out of his employment. The only witnesses to testify were claimant, the essence of whose testimony is that he was assaulted by two coemployees without provocation during this break, and a police officer who arrived at the scene after the fight was over, who related the versions of the incident given him by the three combatants. Claimant's two alleged assailants did not testify. We begin with the proposition that "'when an injury is sustained in the course of the employment it will be presumed as a matter of law that it did arise out of the employment in the absence of substantial evidence to the contrary.' (*Matter of Humphrey* v. *Tietjen & Steffin Milk Co.*, 235 App. Div. 470, 471)." (*Matter of Heyward* v. *Power Serv. Sta.*, 27 A D 2d 618.) In order to overcome this presumption, as to establish any other fact before the board, there must be a residuum of competent evidence (see *Matter of Doca* v. *Federal Stevedoring Co.*, 308 N. Y. 44, 52). In the case at bar, the only evidence tending to rebut the presumption was the hearsay testimony of the police officer, which is insufficient in the absence of corroboration to overcome the presumption that the accident arose out of the employment. (*Matter of Kelly* v. *New York City Tr. Auth.*, 39 A D 2d 1006, affd. 33 N Y 2d 373; *Matter of Barth* v. *Cassar*, 38 A D 2d 984, mot. for lv. to app. den. 30 N Y 2d 485.) Therefore the board's determination was not supported by substantial evidence and must be reversed. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs against the respondents filing briefs. Herlihy, P. J., Greenblott, Sweeney and Main, JJ., concur; Reynolds, J., concurs in the following memorandum. Reynolds, J. (concurring). I agree that since the decision appealed from is based solely on uncorroborated hearsay evidence, it cannot stand. When this case is returned to the board, the two coemployees involved should be brought forth, by subpoena if necessary, to provide testimony as to their version of what occurred and to afford the claimant an opportunity for cross-examination so that claimant's right to compensation or the denial thereof is based on a record affording full disclosure of the facts of the incident involved.