■ In the Matter of the Claim of MARIANNE STRELECK, Respondent, v DRAKE SHEAHAN, STEWARD & DOUGALL, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, as amended, filed December 18, 1975. While in the course of his employment, the decedent was involved in an unwitnessed accident when his car left a wet roadway, mounted the curb and knocked down a sign, ultimately coming to rest against some wire stanchions. Decedent died two days later without having regained consciousness. The autopsy protocol indicated death resulting from a massive subarachnoid hemorrhage caused by the rupture of an aneurysm. The referee found accident, notice and causally related death and on review the board found the injuries were causally related to the trauma of decedent's sudden stop. On this appeal, appellants urge that the board's finding of causally related accidental death was not supported by substantial evidence. There is conflicting evidence in the record, especially in the medical testimony, as to whether the decedent's aneurysm and hemorrhage preceded his accident or whether the accident precipitated the aneurysm which caused his death.

This court has heretofore stated: "In *Matter of Kurash v. Franklin Stores* (12 A D 2d 368, 370), this court set down the standard to be applied in these cases as follows: 'But where there seems a reasonable basis for a difference in medical opinion on the cause of death, i.e., whether due to the violence of a fall not demonstrated to be due to internal causes; or whether due to internal causes with a resulting violence, there has been a tendency to sustain the presumption invoked by the board where the medical record would be open to a finding either way.' We cannot say as a matter of law in the instant case that the medical opinions advanced by appellants' experts as opposed to those advanced by claimant's expert when examined in the circumstances surrounding the accident are such that the board was bound to hold that there was substantial evidence to destroy the presumption under section 21 of the Workmen's Compensation Law." *(Matter of Weisel v National Transp. Co.,* 14 AD2d 621, mot for lv to app den 10 NY2d 708.) The board was not bound to accept or reject any particular medical testimony. The selection in the case of conflicting medical opinion "is an exercise of fact-finding power which is entirely within the province of the Board and outside the limited jurisdiction of this court" *(Matter of Palermo v Gallucci & Sons,* 5 NY2d 529, 532). The testimony of one of the medical witnesses herein provides substantial evidence to support a finding of causal relations. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.