In the Matter of the Claim of GEORGE MILLER, Respondent, v STODDARD RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 13, 1974. In 1945, claimant's decedent, Benjamin Miller, sustained severe burns as a result of an accidental injury arising out of and in the course of his employment. In 1946, he was hospitalized for mental illness and such illness was found to be causally related to the 1945 accident. The carrier paid for the deceased employee's treatment at various New York State institutions and hospitals and when the decedent was placed in a community care home in 1972 he was also awarded the cost of his care at that home. As the result of a cardiac condition, the decedent was admitted to the Mt. Vernon Hospital in May, 1973. In July, 1973, he entered the De Witt Nursing Home where he remained until his death in December, 1974. The carrier refused to pay for the decedent's treatment at the nursing home. The board awarded claimant, as committee of the person and property of the deceased employee, the cost of the nursing home care concluding that claimant's decedent's mental condition was the result of his 1945 accident and that this condition required his confinement in the nursing home. This appeal ensued. Appellants contend that decedent's nursing home care was necessitated by his heart condition and that the board's finding that decedent's confinement to the nursing home was related to his 1945 accident is not supported by substantial evidence. It is not claimed by appellants that decedent's mental condition was unrelated to his 1945

accident, but instead, appellants urge that his mental condition did not require nursing home care. Decedent's medical witness testified that the decedent was primarily confined to the nursing home because of his paranoia; that it was possible that he could do severe damage to himself or someone else; and that he required the type of psychiatric supervision available at the nursing home. Although contradictory medical testimony was also presented, the conflict in such testimony presented factual issues for the board's resolution (*Matter of Streleck v Drake Sheahan, Steward & Dougall*, 55 AD2d 805). Since there is substantial evidence to support the board's conclusion, its determination should be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.