■ In the Matter of the Claim of ELIZABETH STOVER, Respondent, v MITCHELL TRANSPORT COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 18, 1983, which ruled that decedent's death was the result of an accident arising out of and in the course of his employment and awarded benefits. ¶ Claimant is the widow of decedent Robert Stover, the operator of a tractor trailer, who was the victim of an unwitnessed fatal accident which occurred during the early hours of January 15, 1979 while he was operating his rig eastbound on the Massachusetts Turnpike just east of Blandford Mountain in the course of his employment. ¶ The question to be resolved on this appeal is whether there is substantial evidence to overcome the statutory presumption that decedent's death was the result of an accident arising out of and in the course of his employment (Workers' Compensation Law, § 21, subd 1). ¶ Decedent's prior medical history disclosed that he had suffered a myocardial infarction in 1971, but after 16 months of disability, he returned to work. He passed the requisite annual physical examinations and continued work without serious incident. The investigating officer at the scene of decedent's fatal accident reported that physical signs indicated that the tractor trailer left the highway bearing in a straight line southeasterly without a change of speed or direction, a distance of 300 to 500 yards, then down an embankment where it struck a culvert. Decedent was found in the cab of the tractor with both hands on the steering wheel. The conclusion of the pathologist after autopsy was that it was difficult to determine an exact cause of death, but that because of decedent's past history of heart disease, which was confirmed on post mortem examination, death due to cardiac disease was suggested. ¶ At the hearing, there was conflicting expert medical opinion as to the cause of death given, among others, by two eminently qualified pathologists who had examined the autopsy report and other evidence in the record. The board found that the medical evidence presented by the employer did not overcome the presumption of compensability. In other words, the board weighed the expert testimony presented by both parties and found unpersuasive that which was offered by the employer. This is the function and province of the board (*Matter of Daly v Opportunities for Broome,* 39 NY2d 862; *Matter of Thrall v Turner Excavating Contr.,* 77 AD2d 724). Since there was no direct evidence that decedent suffered a heart attack immediately prior to the accident, and there was evidence that the injuries sustained in the accident were sufficient to cause death, it was completely proper for the board to apply the presumption in this case (*Matter of Streleck v Drake Sheahan, Steward & Dougall,* 55 AD2d 805). ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.