■ In the Matter of the Claim of the Estate of JACK C. HURLBUTT, Deceased, Respondent, v A. J. CERASARO, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. —Main, J. Appeal from a decision of the Workers' Compensation Board, filed September 21, 1984, as amended by decision filed December 19, 1984.

Decedent, Jack C. Hurlbutt, reported to work on the morning of March 24, 1976 and, after initially telling his co-workers that he did not feel well, began his usual duties at approximately 8:00 A.M. He was last seen alive atop the platform of a crane that he was operating. No one witnessed decedent's fall from the crane, but his body was discovered on the ground next to the crane shortly thereafter.

Decedent's estate filed a claim. According to decedent's own doctor, the cause of his death was ventricular fibrillation caused either by his traumatic fall from the crane or by anxiety arising out of his everyday operation of the crane. The employer's medical expert agreed that decedent's cause of death was ventricular fibrillation, but opined that decedent had suffered a spontaneous episode thereof that was in no way related to his work and, consequently, had lost consciousness and had fallen to the ground. The Workers' Compensation Board, crediting the testimony of claimant's medical expert over that of the employer's expert, concluded that decedent's death was "due to ventricular fibrillation caused by the trauma of his fall" and that decedent had been in the course of his employment at the time of the unwitnessed accident. This appeal ensued.

We affirm. By operation of Workers' Compensation Law § 21 (1), unwitnessed accidents that occur within the time and place limits, or course, of employment are presumed to arise out of the employment as well *(Matter of McCabe v Peconic Ambulance & Supplies,* 101 AD2d 679, 680). Such presumption

must be rebutted by substantial evidence *(see, Matter of Yarter v S. R. Beltrone, Inc.,* 89 AD2d 687). Here, the only evidence which might possibly have been capable of rebutting the statutory presumption was the opinion testimony of the employer's medical expert. That opinion testimony was, as aforementioned, contrary to the opinion of claimant's medical expert. It is axiomatic that the selection by the Board of one of two conflicting medical opinions lies within its fact-finding power *(Matter of Stover v Mitchell Transp. Co.,* 103 AD2d 885; *Matter of Serafin v Pleasant Val. Wine Co.,* 98 AD2d 887, 888). Such being the case, and in light of the fact that the Board neither credited the employer's expert medical testimony nor found that the statutory presumption had been rebutted, the Board's determination should not be disturbed *(see, Matter of Yarter v S. R. Beltrone, Inc., supra).*

Decision affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.