■ In the Matter of the Claim of CORA BARRETT, Respondent, v TRANSPORT SYSTEM OF WESTERN NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed March 9, 1987.

Decedent, a 58-year-old long-distance truck driver, was found dead in the sleeping compartment of his truck cab parked at the side of a road in Pennsylvania on October 10, 1981. An autopsy was performed by a pathologist the next day wherein it was found that "[n]o completely satisfactory anatomic cause of death is apparent". A toxicological analysis performed by another physician also produced no significant results and, accordingly, the death certificate stated that there was "[n]o anatomic cause of death after autopsy and toxicologic analysis". Thereafter, decedent's widow filed a claim for death benefits with the Workers' Compensation Board.

The employer's workers' compensation carrier controverted the claim and submitted its file to a medical consultant, Dr. Gordon Currie, for review and an opinion as to the cause of death and whether decedent's demise arose out of his employment, there being no question that the death occurred in the course of decedent's employment. Currie submitted a report, dated August 7, 1984, and opined that the only reasonable explanation for decedent's death was that he suffered from a variation of the "sudden death syndrome". Currie also stated that he could find no causal relationship between decedent's death and his occupation. Thereafter, Dr. A. B. King, the Deputy Coroner, stated in a letter dated April 1, 1985, that after reviewing the postmortem report and Currie's report, he really could not give a cause of death and that any diagnosis would be purely speculative.

Subsequently, the claim was found to be compensable and awards were made. The carrier appealed to the Board for review of the decision of the Workers' Compensation Law Judge. The Board affirmed, finding that, based on the record and the consensus of medical opinion, the carrier had not produced substantial evidence to refute the presumption that, since decedent's death occurred in the course of his employment, it must be presumed to have arisen out of that employment. The employer and carrier now appeal.

We affirm. Pursuant to Workers' Compensation Law § 21 (1), unwitnessed accidents or deaths that occur in the course of employment are presumed to arise out of that employment (see, *Matter of Hurlbutt v A. J. Cerasaro, Inc.*, 120 AD2d 792). This presumption must be rebutted by substantial evidence "which, as a matter of law, precludes the Board from crediting any explanation of the [event] except that offered by the employer" (*Matter of Iacovelli v New York Times Co.*, 124 AD2d 324, 326). Here, the only evidence submitted to rebut the presumption was Currie's report stating his opinion that

decedent's death was the result of sudden death syndrome. It is well settled, however, that the Board may accept or reject all or part of any medical evidence presented *(see, Matter of Tangredi v GAF Constr. Corp.,* 125 AD2d 811, 813). Thus, the Board's rejection of Currie's possible explanation was wholly within its province *(see, Matter of Thrall v Turner Excavating Contr.,* 77 AD2d 724, 725). Clearly, the Board found significant the evidence of the pathologist and King indicating that no certain cause of death could be ascertained. Accordingly, the Board's determination that the statutory presumption was not rebutted should not be disturbed.

Decision affirmed, with one bill of costs. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.