■ In the Matter of the Claim of RICHARD M. FARRELL, Appellant, v CNA INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed January 28, 1988.

Claimant, an adjuster for CNA Insurance Company, was

sent to inspect a home damaged by fire which was insured by the carrier and for which a claim had been made. Claimant has testified that upon arrival, no one was present as the occupant had been killed in the fire and that in the course of his inspection, he ascended to the roof of the dwelling to survey the loss. Since no ladder was available, he had propped a chair on top of a barrel he found at the scene and, leaning the chair against the house, climbed upon the chair and hoisted himself up onto the roof. Upon descending, when he stepped on the chair, the rig collapsed, causing him to fall and injure his back. Notice of the accident was immediately given to the carrier, and a workers' compensation claim was timely filed. The carrier contested the claim, contending that the accident could not have happened as described by claimant. The Workers' Compensation Board reversed a decision in favor of claimant made by a Workers' Compensation Law Judge. An independent adjuster employed by the carrier was sent to the premises and took certain photographs of the house, barrel and chair, and later obtained a written statement from claimant. The adjuster testified that in his opinion, it would have been impossible for claimant to ascend the roof in the manner he described because the chair could not fit on top of the barrel, according to his own experiment conducted at the scene. The Board, *inter alia,* accepted the testimony of the independent adjuster and the exhibits he submitted, and concluded that it was impossible for claimant to have reached the roof as alleged. Accordingly, it found that the accident did not arise out of and in the course of employment. This appeal by claimant ensued.

We reverse. There were no eyewitnesses to controvert the testimony given by claimant. The testimony of the independent adjuster, based upon his conclusions after his experiment with the barrel and chair, in our opinion did not rise to the level of substantial evidence sufficient to overcome the heavy burden provided by the presumption contained in Workers' Compensation Law § 21 that an unwitnessed accident occurring within the time and place limits of employment is presumed to have arisen out of and in the course of employment *(see, Matter of Hurlbutt v A. J. Cerasaro, Inc.,* 120 AD2d 792; *Matter of Onofri v City of Syracuse, Dept. of Pub. Works,* 45 AD2d 780; *Matter of Kelly v New York City Tr. Auth.,* 39 AD2d 1006, *affd* 33 NY2d 373). Here, there was no foundation to support the conclusion arrived at by the independent adjuster since his experiment was founded upon his own subjective, self-serving determination of what action claimant

pursued and contrary to actual photographs of the manner in which claimant arranged the barrel and chair. Thus, his conclusions were based upon mere speculation.

Moreover, the circumstances surrounding the taking of the statement of claimant and, particularly, the drawing included therein showing the barrel on its side and chair on top, purportedly representing a description given to the adjuster by claimant, is incredible as a matter of law and completely contrary to the evidence in the record. Since it assumes facts not in evidence, it is without foundation, inadmissible and should not have been considered (see, Walker v Murray, 255 App Div 815, affd 280 NY 709).

Decision reversed, with costs against the employer, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.