(March 16, 1995)

■ In the Matter of the Claim of BARBARA WILLIAMS, Respondent, v METROPOLITAN DISTRIBUTION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [623 NYS2d 657] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 25, 1993, which ruled that the death of claimant's decedent arose out of and in the course of his employment.

On April 5, 1989 Richard Williams (hereinafter decedent) suffered a cardiac arrest and died while employed with Metropolitan Distribution. He was found slumped over his desk on an open newspaper. Decedent had arrived at the office between 7:40 A.M. and 7:45 A.M., which was before the official starting time of 8:00 A.M. but later than his normal arrival time. Decedent was permitted to start his duties before 8:00 A.M. if he so desired. Decedent complained of heavy commuter traffic, which was jokingly dismissed by Paul Gallo, the assistant manager, and went directly to his office located 50 to 60 feet from Gallo's desk. Sometime later, Mary O'Brian, an order taker, approached Gallo and told him that decedent was sleeping and she could not get a response from him. Gallo found decedent at 8:05 A.M. He further observed that decedent had sorted and laid out the invoices for that day's retail pickups. Based on this testimony, there is substantial evidence to support the Board's finding that the death occurred during

decedent's course of employment *(see, Matter of Rosen v First Manhattan Bank,* 202 AD2d 864, *affd* 84 NY2d 856).

Claimant, decedent's widow, relied solely upon the presumption of Workers' Compensation Law § 21 (1) for unwitnessed deaths to establish that the death arose out of decedent's employment. The Workers' Compensation Law Judge found that there was insufficient evidence to rebut the presumption that decedent's death was causally related to his job. The Workers' Compensation Board affirmed and Metropolitan Distribution appeals.

Unwitnessed deaths that occur in the course of employment are presumed to arise out of that employment *(see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.,* 84 NY2d 129, 134; *Matter of Rosen v First Manhattan Bank,* 202 AD2d 864, *supra; Matter of Barrett v Transport Sys.,* 146 AD2d 829, 830). In order to overcome the heavy burden of the presumption contained in Workers' Compensation Law § 21, the employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer *(see, Matter of Rosen v First Manhattan Bank, supra,* at 865; *Matter of Farrell v CNA Ins. Co.,* 149 AD2d 843, 844; *Matter of Barrett v Transport Sys., supra; Matter of Iacovelli v New York Times Co.,* 124 AD2d 324, 326).

Here, in its effort to establish that decedent suffered a heart attack that had no work-related accidental cause, Metropolitan Distribution offered the testimony of Gallo, who had no contact with decedent for approximately 25 minutes prior to the discovery of his death and could only speculate as to the functions decedent was performing during that period, and Steven Cagen, a physician whose opinion was based at least in part on Gallo's speculation that decedent had not been subjected to stress at work on the day of his death. Under the circumstances, the Board was entitled to reject Cagen's testimony in its entirety *(see, Matter of Barrett v Transport Sys., supra,* at 831) and conclude, as it apparently did, that decedent's death may have resulted from physical activity or job-related stress occurring during the period when he was unobserved.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.