■ In the Matter of the Claim of THERESA ONODY, Respondent, v COUNTY OF OSWEGO D.P.W., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [636 NYS2d 180] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 6, 1994, which ruled that the death of claimant's decedent arose out of and in the course of his employment.

On July 13, 1990, at approximately 3:00 P.M., Eugene Onody (hereinafter decedent) was discovered unconscious at his place of employment where he was working alone that day as a solid waste transfer station attendant for the Oswego County Department of Public Works. Prior to decedent's collapse, no one was in the area or noted what duties he had performed. Testimony as to decedent's job duties indicated that while decedent's job chiefly involved checking for County stickers on vehicles dropping off waste, he also sometimes had to walk up and down 40 to 50 steps to sweep up material that spilled around the waste deposit area and that decedent would have to climb the steps two to three times a day. After decedent was found, he was taken to the hospital where he later died. The immediate cause of death was listed as arrhythmia due to multifocal coronary atherosclerosis. Claimant, decedent's widow, thereafter filed a claim for workers' compensation death benefits. The self-insured employer controverted the claim arguing that decedent's death did not arise out of and in the course of his employment. A hearing was held and the Workers' Compensation Board ultimately sustained the claim. This appeal by the employer ensued.

We affirm. Pursuant to Workers' Compensation Law § 21, unwitnessed deaths that occur in the course of employment are presumed to arise out of that employment. It is well settled that in order to overcome the heavy burden of this statutory presumption, "the employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853; *see, Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865, *affd* 84 NY2d 856). Here, not only was there conflicting medical evidence on the issue of causation, there was also divergent proof on the issue of whether decedent's job could be considered sedentary in nature. Nevertheless, given the Board's broad discretion in determining credibility, we cannot find irrational the Board's decision to credit the testimony of claimant's witnesses in finding that the employer did not overcome the presumption in favor of compensability (*see, Matter of Rosen v First Manhat-*

*tan Bank, supra,* at 865). Sufficient proof was presented that would support the Board's apparent conclusion that decedent undertook sufficiently strenuous work activity during the period of time he was unobserved and that this activity resulted in the events leading up to decedent's death (*see, Matter of Williams v Metropolitan Distrib., supra,* at 853).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.