■ In the Matter of the Claim of MILDRED HAYES et al., Respondents, v ALFRED G. HARRIS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [642 NYS2d 384] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed June 19, 1995, which ruled that decedent's death arose out of and in the course of his employment and awarded death benefits to decedent's children.

Ralph J. Hayes (hereinafter decedent) died of carbon monoxide poisoning in 1970 at his employer's premises. After his death, claimant Mildred Hayes, his widow, filed claims for death benefits on behalf of herself and her two minor children. She withdrew these claims and the case was closed in 1971.

Thereafter, the Workers' Compensation Board granted Hayes' application to reopen her claim and those of her children who had since reached the age of majority. After a hearing, the Board found that Hayes' claim was barred by Workers' Compensation Law § 123, but that the claims of decedent's children were tolled by Workers' Compensation Law § 115. In addition, the Board found that because Hayes had not been appointed the children's guardian, the closing of the case in 1971 was not a "true closing" and, therefore, the carrier, not the Special Fund, was liable for benefits.

The Board subsequently amended this decision by concluding that the time limitations of Workers' Compensation Law § 25-a were tolled by the children's minority, thereby entitling them to greater benefits. Further hearings were held in the matter which culminated in another decision of the Board finding that decedent's death arose out of and in the course of employment. This appeal by the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) ensued.

Initially, we find no merit to the employer's claim that the Board erred in applying Workers' Compensation Law § 115 to toll the claims of decedent's children for purposes of reopening and liability under Workers' Compensation Law § 25-a. In *Mat-*

*ter of Kulpa v Alco Prods.* (10 AD2d 747, *lv denied* 8 NY2d 706), we held this statute applicable to permit a claimant, who was an infant at the time he was involved in an industrial accident, to reopen a claim more than eight years after the accident. We further found this tolling provision applicable to Workers' Compensation Law § 25-a so as to shift liability to the carrier. Because we find no reason to reconsider our holding in *Matter of Kulpa v Alco Prods. (supra)*, we conclude that the Board properly tolled the claims of decedent's children.

In addition, we reject the employer's claim that there is no rational basis for the Board's conclusion that decedent's death arose out of and in the course of his employment. It is undisputed that decedent was found at approximately 7:30 A.M. inside a running car in his employer's locked garage. In addition, there was testimony that decedent sometimes opened the garage at 7:00 A.M. and that on the day preceding the accident, he worked from 8:00 A.M. to 5:00 P.M. Given this evidence and the presumption under Workers' Compensation Law § 21 (1) that, absent substantial evidence to the contrary, unwitnessed accidents occurring during the course of employment are presumed to arise in the course of employment (*see, Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865), we find no reason to disturb the Board's finding. Accordingly, the Board's decision must be affirmed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.