■ In the Matter of the Claim of PATRICIA SALTERS, Appellant, v TOWN OF WOODSTOCK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [701 NYS2d 132] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 1997, which ruled that the intracerebral hemorrhage suffered by claimant's decedent was not causally related to his employment and denied her claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent), who was employed by the Town of Woodstock as its Chief of Police, sustained an intracerebral hemorrhage in April 1992 during an executive session of the Town Board which had been called to discuss police personnel matters. Decedent died some 20

months later after suffering a myocardial infarction and acute respiratory failure. Decedent's physician testified that work stress precipitated the intracerebral hemorrhage which hastened decedent's death. The employer's expert, on the other hand, concluded that the stress of decedent's job did not cause the intracerebral hemorrhage. Similarly, the impartial specialist appointed by the Workers' Compensation Board opined that, while there are many possible causes of intracerebral hemorrhage, the assumption that work stress was a cause in decedent's case was not supported by the scientific evidence. The Board found that there was no causal relationship between decedent's intracerebral hemorrhage and his employment and, therefore, denied claimant's claim for workers' compensation death benefits. Claimant appeals.

The reports and testimony of the employer's expert and the impartial specialist that decedent's intracerebral hemorrhage was not caused by work stress, which the Board obviously credited, were sufficient to rebut any presumption arising under Workers' Compensation Law § 21 and provide substantial evidence to support the Board's finding of no causal relationship (*compare, Matter of Panagiotatos v Eastman Kodak Co.*, 222 AD2d 877; *Matter of Tangredi v GAF Constr. Corp.*, 125 AD2d 811, *with Matter of Daly v Opportunities for Broome*, 39 NY2d 862). The decision is, therefore, affirmed.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.