cessfully attempted ignition on two prior occasions, was primarily at fault for the accident.

We likewise reject plaintiff's assertion that the award of damages deviated materially from reasonable compensation. Plaintiff's assertion is founded primarily upon the testimony of her physician, Rudolph Taddonio, who first saw plaintiff on July 27, 1994, nearly two months after the accident. In taking plaintiff's history, Taddonio was advised that as a result of a stove explosion, plaintiff was thrown across a room and into a kitchen door. Based upon that history and Taddonio's physical findings, he was of the opinion that plaintiff's complaints and the disorders that he found upon examination were caused by a hyperextension injury to plaintiff's neck. Ultimately, Taddonio performed fusion surgery on plaintiff's upper spine. Plaintiff claims that as a result of that surgery she suffers continued pain and disability and will do so in the future, and an award of $15,000, given these circumstances, deviates materially from reasonable compensation.

Defendant's medical expert, Ira Neustadt, a board-certified neurologist, was of the opinion that plaintiff's neck surgery was not necessitated by the accident, especially in light of the fact that plaintiff did not complain of neck pain when she initially was seen in the hospital emergency room. Neustadt explained that if plaintiff had sustained a hyperextension injury to her neck, as postulated by Taddonio, she would have experienced immediate, intense pain followed by muscle spasm and paresthesia. Contrary to Taddonio's opinion, Neustadt was of the view that plaintiff's neck condition was the result of longstanding and slowly developing osteophytic growths that preexisted her accident. Indeed, Taddonio acknowledged the presence of that condition but opined that the accident had either exacerbated the condition or made symptomatic a condition that was asymptomatic prior thereto. Obviously, the jury here was presented with conflicting medical testimony, which conflict was its to resolve (*see, e.g., Noelle v Hofflich*, 234 AD2d 655, 656). Assuming that the jury credited Neustadt's testimony, as it must have, then the verdict here cannot be said to deviate materially from reasonable compensation. We have considered plaintiff's remaining contentions and find them to be either without merit or unpreserved for our review.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

■ In the Matter of the Claim of EVELYN WILSON, Appellant, v REDDY CONSTRUCTION COMPANY, INC., et al., Respon-

dents. WORKERS' COMPENSATION BOARD, Respondent. [709 NYS2d 639] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed January 27, 1999, which ruled that the death of claimant's decedent was not causally related to his employment and denied her claim for workers' compensation death benefits.

On April 22, 1994, while working as a shop supervisor and diesel mechanic at a construction company, decedent suffered a myocardial infarction which resulted in his death. Claimant, decedent's spouse, filed a claim for workers' compensation death benefits alleging that decedent's myocardial infarction and resulting death were caused by stressful and strenuous work-related activities, relying on the presumption of compensability in Workers' Compensation Law § 21 (1). The Workers' Compensation Board ruled that decedent's death was not causally related to his employment and denied the claim for death benefits, having found that the employer sufficiently rebutted the presumption of compensability with evidence that decedent's death resulted solely from significant preexisting coronary risk factors. Claimant appeals.

We affirm. The employer's consulting cardiologist testified that decedent's myocardial infarction was caused solely by preexisting risk factors, including heavy cigarette smoking and a family history of heart disease, and was not related to any stressful or strenuous employment activity. Even decedent's treating internist was unable to state with a reasonable degree of medical certainty that decedent's work contributed to his death.

Significantly, the testimony of decedent's co-worker indicates that, despite the fact that decedent had been working long hours as a diesel mechanic for several weeks prior to his death, he had not been assigned to perform any particularly strenuous or stressful tasks and was completing paperwork at his desk for most of the morning on the day of his death. Decedent was found lying on the floor near a bulldozer by his co-worker who had returned from an errand. Although the employer bears a heavy burden in overcoming the presumption arising from an employee's unwitnessed death (*see, Onody v County of Oswego D.P.W.*, 223 AD2d 813; *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853), we cannot conclude that the Board erred in finding no causal relationship (*see, Matter of Salters v Town of Woodstock*, 267 AD2d 720; *Matter of Purcell v American SIP Corp.*, 248 AD2d 844). To the extent that the record contains medical testimony to suggest that decedent's work contributed to his death, this credibility issue was within

the Board's province to resolve and did not preclude a finding that the presumption of compensability had been rebutted by sufficient evidence in this case (*see generally*, *Matter of Salters v Town of Woodstock*, *supra*, at 721).

Cardona, P. J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.