■ In the Matter of the Claim of PATRICIA McCLAIN, Respondent, v BUFFALO NEWS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 502] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 13, 1999, which ruled that the death of claimant's decedent was causally related to an accidental injury arising out of and in the course of his employment.

Decedent, an outside employee who traveled frequently in his capacity as a district manager for a newspaper, died in an accidental fire which destroyed his company van. Claimant, decedent's widow, filed a claim for workers' compensation death benefits alleging that decedent had been traveling for business at the time of his death. Applying the presumption of compensability set forth in Workers' Compensation Law § 21, the Workers' Compensation Board ruled that decedent's unwitnessed death was causally related to an accidental injury arising out of and in the course of his employment. The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) now appeal.

Under Workers' Compensation Law § 21, an unwitnessed death that occurs in the course of employment is presumed to also arise out of that employment absent substantial evidence to the contrary (*see, Matter of Onody v County of Oswego Dept. of Public Works*, 223 AD2d 813; *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853). Here, the employer contends that the presumption of Workers' Compensation Law § 21 does not apply because the record does not contain substantial evidence to demonstrate the initial requirement that decedent's death occurred in the course of his employment. We disagree.

Although decedent's death occurred during his scheduled vacation week, it is undisputed that decedent performed work for the employer using the company van on the previous days

of his scheduled vacation week and made at least two business-related telephone calls on the day of his disappearance. Decedent was last seen alive at his home wearing business attire when he telephoned for directions to a road within his geographic work territory; he was ultimately found dead several days later inside the remnants of his company van on a logging trail approximately one mile from a route he regularly traveled for business. Under these circumstances, there is substantial evidence to support the Board's conclusion that decedent was acting in the course of his employment at the time of his death despite the fact that he was not scheduled to work (*see, Matter of Hayes v Harris*, 227 AD2d 864, 865, *lv denied* 88 NY2d 813; *Matter of Williams v Metropolitan Distrib.*, *supra*). Accordingly, we discern no reason to disturb the Board's conclusion that the presumption contained in Workers' Compensation Law § 21 was applicable.

Cardona, P. J., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.