■ In the Matter of the Claim of MAURA E. MACRI, Respondent, v CENTRAL SERVICE CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 780] —Peters, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed January 6, 1999, which, *inter alia*, ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded workers' compensation benefits, and (2) from a decision of said Board, filed March 9, 2000, which denied an application by the employer and its workers' compensation carrier for reconsideration and/or full Board review.

Claimant's spouse, Scott Macri (hereinafter decedent), was employed by Central Service Center, a small automobile towing and recovery company owned by Timothy West. Decedent's job responsibilities included running errands 6 to 10 times a week using his own car or one owned by West or a fellow employee. On the morning of May 8, 1996, a supervisor acting pursuant to West's orders, asked decedent to drop off an empty oxygen tank and pick up a new one at the Northeast Welding plant in the Village of Menands, Albany County. This task, performed by decedent on prior occasions, typically took 20 minutes.

Using a fellow employee's 1987 Ford pick-up truck with which he was familiar, decedent left later that morning. At some time prior to 2:00 P.M., while traveling west on State Route 155 near its intersection with Wolf Road in the Latham area of the Village of Colonie, Albany County, decedent crossed into the opposite lane of traffic for unknown reasons and collided head on with a truck. He was trapped in the wreckage and died before he could be extricated. According to the accident report, decedent had been traveling at a speed of 53 miles per hour.

On July 31, 1996, a claim for workers' compensation death benefits was filed by claimant on her own behalf and that of her four-year-old son. The employer's workers' compensation carrier, CNA Insurance Company (hereinafter the carrier and the employer will be collectively referred to as the carrier), filed a notice of controversy contending that the accident did not arise out of or in the course of decedent's employment. At a hearing in April 2000 before a Workers' Compensation Law Judge, testimony was received from West who confirmed that decedent never made the delivery. Attempting to explain decedent's presence in the area of the accident, West testified that according to his practice with decedent, no time limit had ever been placed on the completion of this or any other errands and that he might well have been running errands for his fellow employees as he was permitted to do. West further explained that despite decedent's longtime residence in the

area, he had a remarkably poor sense of direction as reflected in his frequent calls to the company's dispatcher to acquire additional directions when running errands. West believed that decedent might have traveled to Latham to get lunch as he was authorized to do and had probably gotten lost trying to find his way back to Northeast Welding.

The Workers' Compensation Law Judge issued a decision on December 8, 1997 awarding death benefits to claimant. In affirming this decision, the Workers' Compensation Board conceded that although the actual reason for claimant's presence in Latham at the time of the accident might never be known, there was sufficient evidence to establish that decedent died while performing duties presumed to arise out of his employment since they were within the time and place limits of his employment activities. The carrier appeals from this decision as well as the denial of a subsequent application for reconsideration and/or full Board review.

We affirm. Pursuant to Workers' Compensation Law § 21 (1), "unwitnessed accidents that occur within the time and place limits, or course, of employment are presumed to arise out of the employment as well" (*Matter of Hurlbutt v A. J. Cerasaro, Inc.*, 120 AD2d 792; *see, Matter of Hayes v Harris*, 227 AD2d 864, 865, *lv denied* 88 NY2d 813; *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853). To overcome the heavy burden of this presumption, "the employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*id.*, at 853). Here, the carrier contends that despite decedent's past practice of calling for directions when lost, no such phone call was placed by decedent on the date of the accident and his autopsy confirmed that decedent's stomach was almost completely empty at the time of his death.

Acknowledging this conflicting testimony and recognizing that decedent never made the assigned delivery, such facts simply raised an inference of deviation which the Board was free to resolve in claimant's favor (*see, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249; *Matter of D'Accordo v Spare Wheels & Car Shoppe*, 257 AD2d 966, 967). With record evidence indicating that part of decedent's job responsibilities was to run errands not only for West but also for his co-workers 6 to 10 times a week within the Albany-Menands-Colonie area, there was no time frame placed on the completion of these errands and it was well known that he would frequently get lost during the course thereof, we find the requisite substantial evidence to support the Board's determination.

Finally, we find no error in the Board's exercise of its discretion in denying the application by the carrier for reconsideration and/or full Board review (*see, Matter of Villapol v American Landmark Mgt.*, 271 AD2d 882, 883).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.