■ In the Matter of the Claim of ALBERT E. BLANCHARD, Respondent, v EAGLE NEST TENANCY IN COMMON, Respondent, and ZURICH GROUP, Appellant. WORKERS' COMPENSATION

---

BOARD, Respondent. [728 NYS2d 296] —Carpinello, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 30, 1999, which ruled that the death of claimant's decedent was causally related to an accident arising out of and in the course of his employment.

Claimant's decedent was employed as the superintendent for Eagle Nest Tenancy In Common (hereinafter the employer), an entity which owned a 5,000-acre tract of land located in rural Hamilton County containing camps and other buildings. As part of his job responsibilities, decedent lived on the employer's premises and was on call 24 hours a day, seven days a week, but he also owned a contracting company which was located off this property. On November 28, 1994, decedent died in an unwitnessed one-car motor vehicle accident on the employer's premises. A claim for workers' compensation benefits was filed by claimant, his widow, and following a hearing, a Workers' Compensation Law Judge determined that decedent's death arose out of and in the course of his employment. The Workers' Compensation Board affirmed the decision, prompting this appeal by the employer's workers' compensation insurance carrier.

On appeal, the carrier contests the finding that decedent's accident occurred "in the course of employment." Although testimony at the hearing established that decedent had been working at his contracting company on the morning of the accident, it further established that he had left those premises and returned home to Eagle Nest. Upon returning, he discussed property maintenance issues with the caretaker of a tenant on the property. At the hearing, this witness testified that, following this discussion, decedent intended to address other maintenance issues at the employer's premises although this testimony was contradicted by a prior written statement that the caretaker had given to an investigator.

"The determination of whether an activity is within the course of employment or is purely personal is a factual question for the Board's resolution and depends upon whether the activity is reasonable and sufficiently work related [citation omitted]" (*Matter of D'Accordo v Spare Wheels & Car Shoppe*, 257 AD2d 966, 967). Notwithstanding the absence of direct evidence as to the nature of decedent's mission at the time of his death when his vehicle struck the side of a wooden bridge, overturned and plunged into the water below, "[t]he Board has broad authority to * * * draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Murnane Assocs.*, 267 AD2d 639, 640, *lv denied* 94 NY2d 762). Thus,

where, as here, there is uncontradicted evidence of the occurrence of an unwitnessed accident within "the time and space limits of [decedent's] employment" but there is no direct evidence as to whether decedent was actually engaged in a work-related activity, this Court has acknowledged that such evidence "substantially establishes that decedent met with an accident while in the course of employment" (*Matter of Slotnick v Howard Stores Corp.*, 58 AD2d 959, 960, *affd* 44 NY2d 887). There is, therefore, sufficient evidence to support the Board's finding that decedent's accident occurred in the course of employment and, based upon this finding, decedent's accident was presumed to also arise out of that employment (*see*, Workers' Compensation Law § 21; *Matter of McClain v Buffalo News*, 277 AD2d 530; *Matter of Onody v County of Oswego D.P.W.*, 223 AD2d 813; *Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679). The Board's amended decision should be affirmed.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the amended decision is affirmed, without costs.