■ In the Matter of the Claim of DORETHA BARRINGTON, Appellant, v HUDSON VALLEY FRUIT JUICE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [747 NYS2d 613] —Peters, J.

While at work, claimant's decedent suffered an intracerebral hemorrhage, collapsed and was taken to the hospital. Employed as a factory laborer, there is no evidence of decedent's precise activity at the time he was stricken or if anyone witnessed his collapse. One day later, he was pronounced dead and it is undisputed that he died as the result of the intracerebral hemorrhage he suffered while at work. A claim for workers' compensation death benefits was filed by claimant, decedent's widow, and the employer controverted the claim. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) closed the case for lack of prima facie medical evidence. The case was later reopened for reconsideration of the issue and, following a hearing, a subsequent WCLJ decided, based upon the presumption of compensability in Workers' Compensation Law § 21 (1), that there was sufficient medical evidence to proceed with the claim. On appeal, the Workers' Compensation Board rescinded the WCLJ's decision and closed the case, ruling that the medical reports submitted by claimant did not constitute prima facie evidence of a causal relationship between decedent's death and his employment. Claimant now appeals.

Initially, we find that, under these facts, the Board erred in requiring claimant to come forward, in the first instance, with prima facie medical evidence of a causal relationship between decedent's death and his employment. Notably, the cases cited by the Board in support of its requirement that claimant come forward with prima facie medical evidence of causality deal solely with disability claims (*see Matter of De Salvo v Prudential Ins. Co. of Am.*, 248 AD2d 897; *Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723, *lv denied* 91 NY2d 809). Rather, we find that, in this instance, the scant evidence concerning the circumstances of decedent's death compels application of Workers' Compensation Law § 21 (1), which

provides that unwitnessed deaths that occur in the course of employment are presumed to arise out of that employment (*see Matter of Onody v County of Oswego D.P.W.*, 223 AD2d 813; *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853; *Matter of Barrett v Transport Sys. of W. N.Y.*, 146 AD2d 829; *Matter of Neblett v Salvation Army*, 71 AD2d 775, 776, *appeal dismissed* 48 NY2d 607). Here, it is undisputed that the medical reports submitted by claimant establish that, at the very least, decedent died as the result of the intracerebral hemorrhage he suffered while at work. Accordingly, we agree with claimant that the medical reports were sufficient to raise a presumption of compensability under Workers' Compensation Law § 21 (1) (*see Matter of Onody v County of Oswego D.P.W.*, *supra* at 813; *Matter of Williams v Metropolitan Distrib.*, *supra* at 852-853; *Matter of Neblett v Salvation Army*, *supra* at 776). Finally, while the employer correctly points out that Workers' Compensation Law § 21 (1) does not altogether relieve claimant from demonstrating that decedent's death was causally related to his job, it is clear from the record that the employer has yet to come forward with any evidence to rebut the presumption (*see Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814; *Matter of Wilson v Reddy Constr. Co.*, 272 AD2d 806, *appeal dismissed and lv denied* 95 NY2d 875; *Matter of Onody v County of Oswego D.P.W.*, *supra* at 813).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.