Mugglin, J.
Appeals from a decision and an amended decision of the Workers’ Compensation Board, filed March 19, 2002 and March 26, 2003, which, inter alia, ruled that claimant’s decedent sustained a compensable injury.
Decedent, while driving his employer’s truck, suffered a myocardial infarction. The truck left the road and crashed into some trees. Claimant, decedent’s widow, filed a claim for workers’ compensation death benefits. The employer’s workers’ compensation carrier controverted the claim. Following a hearing, a Workers’ Compensation Law Judge established the case for accident, notice and causal relationship and made an award of benefits. The Workers’ Compensation Board affirmed, further finding that the presumption of compensability contained in Workers’ Compensation Law § 21 (1) applied and that the physical injuries sustained by decedent in the accident contributed to his death. Thereafter, the Board issued an amended decision which superceded its prior decision and specifically found that, in light of the Workers’ Compensation Law § 21 (1) presumption, further development of the record would not alter the compensability of decedent’s death. The employer and carrier (hereinafter collectively referred to as the carrier) appeal from both decisions.
It is well settled that “[u]nexplained or unwitnessed accidents which occur in the course of employment are presumed, pursuant to Workers’ Compensation Law § 21 (1), to arise out of such employment” (Matter of Wichtendahl v Arrow Bus Line, 307 AD2d 400, 401 [2003]; see Matter of Barrington v Hudson Val. Fruit Juice, 297 AD2d 886, 886-887 [2002]). “To rebut that presumption, ‘an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that of *736 fered by the employer’ ” (Matter of Scalzo v St. Joseph’s Hosp., 297 AD2d 883, 884 [2002], quoting Matter of Iacovelli v New York Times Co., 124 AD2d 324, 325-326 [1986]). Here, the carrier produced medical evidence demonstrating that decedent had a longstanding history of hypertension and heart disease. Based on this history and a review of all relevant documents, the carrier’s medical expert opined that decedent’s job did not cause the myocardial infarction, and that the myocardial infarction, not the motor vehicle accident, caused decedent’s demise. This evidence was sufficient to rebut the presumption and required claimant to demonstrate that decedent’s death was causally related to his job (see Matter of Barrington v Hudson Val. Fruit Juice, supra at 887). Claimant’s evidence consists of an autopsy and death certificate, both of which state that a fractured sternum was a contributing factor to decedent’s death. This injury could only have been caused by the accident. Inasmuch as the Board was empowered to resolve this conflicting medical evidence concerning the actual cause of decedent’s death in claimant’s favor (see Matter of Estate of Hertz v Gannett Rochester Newspapers, 272 AD2d 814, 814-815 [2000]; Matter of MacKenzie v Management Recruiters, 271 AD2d 822, 824 [2000], lv denied 95 NY2d 768 [2000]), we find no basis to disturb the Board’s determination.
Nor are we persuaded by the carrier’s contention that the Board should have permitted it to cross-examine the medical examiner. While a carrier clearly has a right to cross-examine a physician whose report is on file (see Matter of Pistone v Sam’s Club, 295 AD2d 875, 875-876 [2002]; 12 NYCRR 300.10 [c]), failing to make a timely request in this regard results in a waiver of the right (see Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [2002]; Matter of Ricci v Riegel & Sons, 278 AD2d 673, 674 [2000]). Here, contrary to the carrier’s assertions, its first and only request to cross-examine the medical examiner came on this appeal. In proceedings before the Workers’ Compensation Law Judge and the Board, the carrier requested cross-examination only of decedent’s four treating physicians. Accordingly, any right the carrier had to cross-examine this physician was waived by its failure to exercise its right in a timely fashion.
Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.